**CONFORMED**

1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP
James R. Asperger (Bar No. 83188)
2 | (jimasperger@quinnemanuel.com)
John M. Pierce (Bar No. 250443)
3 | (johnpierce@quinnemanuel.com)
Rachel E. Juarez (Bar No. 273133)
4 | (racheljuarez@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100

7 | Attorneys for Defendants Yasmin
Nanayakkara, Nalin Nanayakkara,
8 | Damayanthi Nanayakkara, Sandy Grewal,
Rangi Perera, Fadi Rasheed, Fingerprint
9 | Communications, LLC, and Y Jewels
LLC.

10

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA

13 | WESTERN DIVISION

14
15 | MALLIKA "JASMIN" SINGH, an individual,

16 |             Plaintiff,

17 |     vs.

18 | YASMIN NANAYAKKARA, an individual and member; NALIN
19 | NANAYAKKARA, an individual and member; DAMAYANTHI
20 | NANAYAKKARA, an individual; SANDY GREWAL, an individual;
21 | JESSICA MANALAND a.k.a. JESSICA MANALAD, an individual;
22 | WHITNEY MILINO, an individual; RANGI PERERA, an individual; FADI
23 | RASHEED, an individual; ROBERT VERDI, an individual; FINGERPRINT
24 | COMMUNICATIONS, LLC, a California limited liability company; Y
25 | JEWELS, LLC, a California limited liability company; and DOES 1-50,
26 | inclusive,

27 | Defendants.

28

CASE NO. CV13-9220 ODW (ASx)

**NOTICE OF REMOVAL TO FEDERAL COURT**

[28 U.S.C. §1331, §1367, §1441, §1446 and §1454]

FILED
CLERK, U.S. DISTRICT COURT

DEC 16 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

05790.00001/5664299.1

NOTICE OF REMOVAL

1         TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES

2 AND THEIR ATTORNEYS OF RECORD:

3         PLEASE TAKE NOTICE that defendants Yasmin Nanayakkara, Nalin

4 Nanayakkara, Damayanthi Nanayakkara, Sandy Grewal, Rangi Perera, Fadi

5 Rasheed, Fingerprint Communications, LLC, and Y Jewels LLC ("Removing

6 Defendants"), hereby remove this action from the Superior Court of California,

7 County of Los Angeles, to the United States District Court for the Central District of

8 California pursuant to 28 U.S.C. §§1331, 1338(a), 1441(a) and 1454(a), and in

9 support thereof, respectfully submit the following:

10                     **STATEMENT OF THE CASE**

11         1.     On or about November 13, 2013, Plaintiff Mallika "Jazmin" Singh

12 ("Singh") commenced this action against Yasmin Nanayakkara, Nalin Nanayakkara,

13 Damayanthi Nanayakkara, Sandy Grewal, Jessica Manaland a.k.a. Jessica Manalad,

14 Whitney Milino, Rangi Perera, Fadi Rasheed, Robert Verdi, Fingerprint

15 Communications, LLC, Y Jewels LLC, and Does 1-50 in the Superior Court for the

16 State of California, County of Los Angeles, Case Number BC527545. The

17 complaint includes, among other things, causes of action for conversion and

18 fraudulent transfer predicated on the improper use and transfer of "intellectual

19 property" in which plaintiff claims an ownership interest. *See generally* Complaint

20 by Mallika "Jazmin" Singh filed November 13, 2013 and attached hereto as Exhibit

21 1, pp. 9-59 ("Compl.").

22         2.     Plaintiff's complaint arises out of a now-defunct business venture

23 which had, as its core purpose, the creation and sale of high-end jewelry. Compl. ¶¶

24 20, 41. Plaintiff claims that in 2008, she decided to "go into business" with

25 defendant Yasmin Nanayakkara "for the purpose of designing, manufacturing,

26 distributing, and selling South Asian inspired jewelry." Compl. ¶20. She further

27 alleges that, after Ms. Nanayakkara's "termination" of the business venture in 2012

28 or 2013, *id.* ¶¶ 40-42, Ms. Nanayakkara and several other defendants converted

intellectual property in which plaintiff had acquired an ownership interest and improperly transferred such property to what is alleged to be a new business venture. *Id.* at ¶¶ 120-31; *see also id.* at ¶43. Plaintiff also alleges that this claimed new business venture, Defendant Y Jewels LLC, has violated the California Business and Professions Code by failing to disclose facts to the public, including, apparently, those relating to the ownership and transfer of the intellectual property at issue. *Id.* at ¶¶ 20-21; 148-153. According to plaintiff, she is entitled to damages because this intellectual property is "[p]laintiff's property." *Id.* at ¶121-22.

3.     The jewelry designs and jewelry pieces put at issue by plaintiff's complaint are, according to the United States Copyright Office, currently subject to the federal Copyright Act under the category "Visual Arts." *See, e.g.,* Form VA-Full, May, 2012, the United States Copyright Office, available as of December 15, 2013 at *www.copyright.gov/forms/formva.pdf* ("Jewelry *design* includes 3-dimensional designs applied to rings, pendants, earrings, necklaces, and the like.").

4.     Plaintiff does not seek return of any of the tangible designs or other intellectual property. Instead, she claims, among other things, a right to the profits generated by the individuals and entity who are alleged to have converted and fraudulently transferred the intellectual property in which she now claims an ownership interest. *See* Compl. at pp. 26-27 (seeking reimbursement and restitution of all amounts acquired by Defendants).

5.     State claims for conversion that seek the profits from the exploitation of intellectual property rights are routinely held preempted by the Copyright Act. *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1130 (N.D. Cal. 2001); *Dielsi v. Falk*, 916 F. Supp. 985, 993 (C.D. Cal. 1996) (author's claim of conversion under California law based on allegation that defendants converted his ideas for their own use held preempted by federal copyright law).

6.     In light of the above, plaintiff's claim of conversion asserted in her Fourteenth Cause of Action is predicated on rights governed exclusively by federal

law, specifically the federal Copyright Act, and present a federal question requiring removal of the state action to this Court.  17 U.S.C. § 301(a).  Similarly, insofar as plaintiff's Fifteenth Cause of Action for "fraudulent transfer" is a mislabeled and duplicative conversion claim, such claim is preempted for the same reason.

7.    Plaintiff's Nineteenth Cause of Action, which asserts a claim under California Business and Professions Code 17200, again depends on the alleged improper conversion and transfer of copyrighted works and is thus likewise preempted by the federal Copyright Act.

8.    In addition, plaintiff's allegations in support of her partnership-related claims are, notwithstanding her deceptive pleading, similarly preempted by the Copyright Act.  Though plaintiff has misleadingly presented two written agreements to the Court, it is clear on the face of the agreements, *neither of which plaintiff herself even signed*, that they are not valid, operative, or controlling.  As such, plaintiff's sole claim to any ownership interest in the copyrights at issue must necessarily be predicated on a claim of joint authorship under the Copyright Act. *See infra* ¶¶ 32-40.  For that reason, plaintiff's Fifth, Sixth, and Eighteenth Causes of Action are preempted insofar as plaintiff will attempt to use the guise of a non-contractual partnership to avoid the Copyright Act's governance of what constitutes a joint work and the rights of joint authors.  17 U.S.C. §§101, 201(a).

9.    Removal by the Removing Defendants is timely because the claims asserted against them are removable pursuant to 28 U.S.C. §§1441(a) and 1454, and this Notice of Removal has been filed within 30 days of service of the Complaint on all defendants that have been properly joined and served in this action.  *See infra* Section III; 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal"); *see also* 28 U.S.C. §1454(b)(2).

## II.   GROUNDS FOR REMOVAL

10.   The Removing Defendants hereby remove this action based on federal question jurisdiction, pursuant to 28 U.S.C. §1441(a).  This Court has original jurisdiction over this action because Plaintiff alleges a claim for conversion—and what appears to be a duplicative claim mislabeled as a claim for "fraudulent transfer"—that are predicated on Plaintiff's alleged ownership of copyrights in certain jewelry pieces and designs.  *See, e.g.,* Compl. ¶¶ 20, 24, 43.  Given the underlying facts alleged and rights asserted in the Complaint, these claims are completely preempted under the laws of the United States, specifically, the federal Copyright Act.  *See* 28 U.S.C. §§1331, 1338(a), 1441(a), 1454(a); 17 U.S.C. §301(a).

11.   In addition, this Court has original jurisdiction over this action because Plaintiff has alleged claims arising out of an alleged partnership that—given the absence of a valid written partnership agreement—effectively seek to assert rights as a purported joint author of copyrights.  Given the underlying facts alleged and rights asserted in the Complaint, these claims are completely preempted under the laws of the United States, specifically, the federal Copyright Act.  *See* 28 U.S.C. §§1331, 1338(a), 1441(a), 1454(a); 17 U.S.C. §301(a).

12.   An "independent corollary" of the well-pleaded complaint rule is that "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 22, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983); *see also Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987) ("Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.").

13.   Under the doctrine of complete preemption, also known as "artful pleading," even a well-pleaded state law claim is deemed to "arise under federal law" when a federal statute has completely preempted a particular area of law. *Hall*

1   *v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007).  Any state claim based

2   on a "completely preempted" law is considered a federal claim, from its inception,

3   and warrants removal of the complaint to district court.  *Id.*  "If federal law

4   completely preempts a plaintiff's state-law claim, that plaintiff may not escape

5   federal jurisdiction no matter how careful his or her pleading."  *Botsford v. Blue*

6   *Cross & Blue Shield of Montana, Inc.*, 314 F.3d 390, 393 (9th Cir. 2002).

7        14.    Complete preemption applies to claims arising under the Copyright

8   Act, and the removal of preempted claims has consistently and routinely been

9   recognized as proper.  *Dielsi*, 916 F. Supp. at 993 ("copyright law 'completely

10   preempts' equivalent state claims . . . [t]herefore, preempted copyright claims can be

11   removed to federal court").  "Congress has clearly indicated that state-law claims

12   which come within the subject matter of copyright law and which protect rights

13   equivalent to any of the exclusive rights within the scope of federal copyright law ...

14   should be litigated only as federal copyright claims."  *Id.* (quoting *Rosciszewski v.*

15   *Arete Associates, Inc.*, 1 F.3d 225, 232 (4th Cir. 1993)); *see also Firoozye*, 153 F.

16   Supp. 2d at 1121-23; *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010); 28

17   U.S.C. §1338(a) (federal courts have exclusive jurisdiction over copyright claims).

18        15.    "Copyright preemption is both explicit and broad[.]"  *G.S. Rasmussen*

19   *& Assoc. v. Kalitta Flying Service,* 958 F.2d 896, 904 (9th Cir. 1992), *cert. denied,*

20   508 U.S. 959 (1993).  A state claim is preempted by the Copyright Act when two

21   elements are present: (1) the work on which the state claim is based is within the

22   subject matter of copyright; and (2) the rights that plaintiff asserts under state law

23   are qualitatively equivalent to rights within the general scope of copyright

24   protection.  *Del Madera Properties v. Rhodes & Gardner, Inc.,* 820 F.2d 973, 976

25   (9th Cir. 1987) *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S.

26   517, 114 S.Ct. 1023, 127 L.Ed. 2d 455 (1994); *Worth v. Universal Pictures, Inc.*, 5

27   F. Supp. 2d 816, 821 (C.D. Cal. 1997); *Firoozye*, 153 F. Supp. 2d at 1122-23;

28   *Dielsi*, 916 F. Supp. at 991.  To survive preemption, the state claim must have an

"extra element" which changes the nature of the action. *Del Madera*, 820 F.2d at 977; *Worth*, 5 F. Supp. 2d at 821.

### A.     <u>The Fourteenth Cause of Action for Conversion is Completely Preempted By the Copyright Act.</u>

16.     Singh's Fourteenth Cause of Action for conversion directly alleges that "[Singh] owned, possessed, or had a right to possess certain personal property, including but not limited to. . .intellectual" property. *See* Compl. ¶ 121.

17.     Singh also claims that defendants Yasmin Nanayakkara and Nalin Nanayakkara transferred "proprietary information, property, *intellectual property*, and trade secrets" to a purported new business venture also alleged to engage in "designing" jewelry. *Id.* ¶43 (emphasis added).

18.     In light of the type of business in which plaintiff alleges to have been engaged, it is apparent from the face of the complaint that the "intellectual property" to which she is referring must include copyrights. The core function of the business in which plaintiff claims to have had an ownership interest involved "designing" jewelry and, accordingly, creating copyrightable works. *See, e.g.,* Form VA-Full, May, 2012, the United States Copyright Office, available as of December 15, 2013 at *www.copyright.gov/forms/formva.pdf* ("Jewelry *design* includes 3-dimensional designs applied to rings, pendants, earrings, necklaces, and the like.").

19.     Singh purports to seek damages in the form of all monies Defendants obtained by virtue of their alleged wrongful acts, including the alleged conversion of intellectual property, to wit, copyrights. *See* Compl. p. 26; ¶¶ 121-22.

20.     Plaintiff does not seek, in connection with her claim for conversion or otherwise, the return or retrieval of any of the intellectual property in which she claims an ownership interest.

21.     The fact that plaintiff labels her claim as one for "conversion" under state law does not serve to avoid preemption. 17 U.S.C. §§ 101, 201(a). ***"Legions of cases have held pre-empted claims for misappropriation"*** or conversion of

1 copyrightable works. *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115,

2 1130 (N.D. Cal. 2001) (quoting *Nimmer on Copyright* § 1.01[B][1][f], at 1-35)

3 (emphasis added).

4      22.    Preemption is especially common where state claims for conversion

5 depend on and seek the profits from the exploitation of intellectual property rights.

6 *See, e.g., Worth*, 5 F. Supp. 2d at 822-23 (claims for conversion and accounting

7 which sought profits from use of copyrights held preempted and motion to remand

8 denied).  Such cases are said to focus on the "intangible value of the *contents* of"

9 copyrightable works and, accordingly, squarely within the province of the federal

10 copyright act. *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1192-93 (C.D.

11 Cal. 2001) (conversion claims seeking profits for "unauthorized use" of work for

12 purpose of creating new works held preempted by the Copyright Act); *Dielsi*,

13 916 F. Supp. at 992.

14      23.    Where, as here, plaintiff does not seek the return of specific tangible

15 property, it is clear that a conversion claim is directed toward the intangible value of

16 the contents of the work and preemption simply cannot be avoided. *Firoozye*, 153

17 F. Supp. 2d at 1130 ("where a plaintiff is only seeking damages from a defendant's

18 reproduction of a work-and not the actual return of a physical piece of property-the

19 claim is preempted"); *see also* Compl. ¶ 124 (seeking damages for "physical, mental

20 and emotional injuries and distress" and "pecuniary loss" in connection with claim

21 for conversion); *id.* at pp. 26-7 (requesting twelve separate forms of relief, but not

22 the return of *any* tangible property).  Courts in the Ninth Circuit have routinely held

23 that a conversion claim which does not seek the item's return, "lacks the 'extra

24 element' of wrongful interference with 'tangible' property which normally sets a

25 conversion claim apart from copyright." *Idema*, 162 F. Supp. 2d at 1192-93

26 (dismissing with prejudice conversion claim brought under state law on the grounds

27 that such claim was completely preempted by the Copyright Act); *Worth,* 5 F. Supp.

28 2d at 822-23 (finding claims, including for conversion and accounting preempted

and denying motion to remand where plaintiff "did not bring their conversion action for retrieval of [the intellectual property], but rather for the profits" from its subsequent reproduction and distribution); *Firoozye*, 153 F. Supp. 2d at 1130 (finding conversion claim preempted where plaintiff "was not seeking the return of a tangible piece of property" and did not "claim that the defendants wrongfully obtained possession over th[e] *specific version of the [work]*" at issue).

24.    As discussed above, *supra* ¶¶ 20-23, plaintiff's claim for conversion is not predicated on the return of any specific item, but rather seeks to claim damages as a result of the unauthorized exploitation of its intangible value. As such, her claim is among those consistently held to be preempted by the Copyright Act and deemed appropriate for removal to federal court. *Firoozye*, 153 F. Supp. 2d at 1130; *Worth*, 5 F. Supp. 2d at 822-23.

25.    To the extent plaintiff's claim for conversion is premised on additional "intellectual, propriety information" that is not copyrightable, her claim is still preempted by the Copyright Act. *See, e.g., Meridian Project Systems, Inc. v. Hardin Const. Co., LLC*, 2006 WL 1062070, at *4 (E.D. Cal. 2006) (rejecting argument that elements of expression not protected by copyright do not fall within the "general subject matter of copyright" and holding such claims, like claims for elements of expression in a work that are copyrightable, preempted by the federal Copyright Act).

26.    Because the Fourteenth cause of action is completely preempted by the Copyright Act, Singh's Complaint is removable in its entirety. *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 22; *Metro. Life Ins. Co.*, 481 U.S. at 63-64; *see also NTD Architects v. Baker*, 2012 WL 2498868, at *8 (S.D. Cal. June 27, 2012) ("The preemption of just one claim is sufficient to warrant removal.").

**B.**     **If It States a Claim for Relief, the Fifteenth Cause of Action for "Fraudulent Transfer" is Completely Preempted By the Copyright Act**

27.     Plaintiff's curious claim for "fraudulent transfer" alleges that, in engaging and performing all acts identified in the complaint, defendants Yasmin Nanayakkara, Nalin Nanayakkara, and "Y Jewels Inc." (which is not, in fact, a defendant), improperly transferred property in which plaintiff had an ownership interest to an entity that is claimed to be a new business venture.  Compl. ¶¶125-31.

28.     A proper claim for fraudulent transfer is governed by California Civil Code §§ 3439-3439.12, the "Uniform Fraudulent Transfer Act," and applies to transactions involving debtors and creditors.  Plaintiff does not allege any of the predicate facts required to bring such an action, nor does her complaint refer to any of the statutory provisions governing such a cause of action.  As such, it appears that Plaintiff's Fifteenth Cause of Action is one of many improper and baseless claims brought without sufficient investigation or development.

29.     Nevertheless, to the extent that such claim is premised on the alleged "fraudulent transfer" or conversion of copyrights (and simply mislabeled), it is preempted by the federal Copyright Act for the reasons discussed above, *supra* ¶¶ 16-26.

**C.**     **The Nineteenth Cause of Action for Violation of the California Business and Professions is Premised on Conduct and Claims Preempted by the Copyright Act**

30.     Singh's Nineteenth Cause of Action for violation of California Business and Professions Code § 17200 is brought solely against Defendant Y Jewels, LLC.  Insofar as such claims are derived from the same conduct underlying other preempted claims, such claims are likewise preempted.  *See, e.g., U2 Home Entertainment, Inc. v. Gatechina.Com, Inc.*, 2007 WL 951291, at *6 (N.D. Cal. March 27, 2007) ("To the extent that U2 is attempting to assert state law unfair

1  competition claims based upon failure to attribute U2's exclusive distribution rights,

2  any such claims are preempted by 17 U.S.C. § 301(a).").

3  **D.**  **Plaintiff's So-Called Contract and Partnership Claims Are**

4  **Necessarily Based on a Claim of Authorship under the Copyright**

5  **Act and Are Thus Preempted**

6  31.  Many of plaintiffs' remaining claims, including Cause of Action

7  Eighteen—which seeks an accounting of "profits or losses" derived from the

8  exploitation of all "assets" and "proprietary information" of the alleged

9  partnership—and Cause of Actions Five and Six—which are similarly predicated on

10  a right to the profits of the alleged partnership—are preempted because they rely

11  implicitly on a claim of authorship under the Copyright Act.

12  32.  To be sure, plaintiff styles her claims for breach of "contract" and

13  misleadingly attaches documents purporting to be enforceable agreements between

14  herself and Defendant Yasmin Nanayakkara.  However, such documents are not

15  signed, not enforceable, and, in any event, not relevant to issues of ownership on

16  which plaintiff's claims are necessarily premised.

17  33.  First, though plaintiff attaches a "Partnership Agreement" to her

18  complaint, a basic review of that document reveals that it was never signed by

19  *plaintiff* and, as such, is invalid on its face.  Compl. ¶¶ 69-73, Compl. Exhibit A.

20  Nevertheless, and having knowingly attached an unsigned partnership agreement to

21  the Complaint, plaintiff boldly claims that she and Defendant Yasmin Nanayakkara

22  "entered into a Partnership Agreement for the purpose of *selling* high fashioned

23  jewelry nationally and internationally."  *Id.* at ¶ 70.  Plaintiff's Fifth Cause of Action

24  arises out of a purported violation of this "contract."  *Id.*

25  34.  Plaintiff and her attorneys further represent that the parties "entered

26  into" an Operating Agreement, *id.* at ¶ 79, this time attaching a document that was

27  not signed *by either party*.  *Id.*; Compl. Exhibit B.  Plaintiff's Sixth Cause of Action

28  arises out of a purported violation of this "contract."  *Id.*

35.     Ultimately, both claims are premised on invalid and unsigned contracts—a fact plaintiff does not even attempt to explain, apparently hoping that it will be overlooked. Thus, to the extent that plaintiff seeks to maintain an action for breach of contract, she will be forced to rely on an another theory, such as implied contract, which does not depend on the existence of a valid contract.

36.     More importantly, even were such contracts valid, plaintiff alleges only that they govern the "selling" of jewelry. *See, e.g.,* Compl. ¶ 70. Thus, on the face of her Complaint, plaintiff fails to allege that there is a contractual relationship governing the creation or ownership of the copyrightable jewelry designs or other intellectual property upon which this business was apparently premised. *See, e.g.,* Compl. ¶¶ 20-21. As such, plaintiff effectively concedes that there is no contractual relationship governing the intellectual property rights of the parties with respect to the vesting of copyright in the appropriate author. Such rights must therefore be determined by reference to the federal Copyright Act.

37.     When, as here, authorship of a work is disputed, a putative joint author has the right to bring a claim *in federal court* seeking a declaration under the Copyright Act that she is a rightful author of the joint work, and seeking an accounting from her co-authors for his share of any profits derived from the reproduction and distribution of the work. *Kings Road Entertainment, Inc. v. West Coast Pictures*, 2012 WL 5937968, *2 (C.D. Cal. Nov. 26, 2012) ("[a]ll of the federal circuit courts of appeal that have addressed the issue ... agree that a determination of copyright ownership based on a disputed allegation of co-authorship presents a federal question that arises under, and must be determined according to, the Copyright Act") (citing *Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG.,* 510 F.3d 77, 86 (1st Cir. 2007)); *see also JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124-25 (9th Cir. 2010). In addition, state law claims are preempted when they are equivalent to the federal claim of a putative joint author seeking a declaration of ownership and enforcement of his

rights under Section 106(1) and 106(3) to share in the profits of the reproduction and distribution of the joint work. *See System XIX, Inc. v. Parker, 30 F. Supp. 2d 1225, 1231 (N.D. Cal. 1998)* ("the rights Maritime [as putative joint author] asserts under its state law claim are equivalent to rights within the general scope of copyright as specified in §106"); *Price v. Fox Entm't Grp., Inc.*, 473 F. Supp. 2d 446, 460-61 (S.D.N.Y. 2007) (finding state claims preempted because "the act that gave rise to these claims is [defendant's] alleged failure to treat [plaintiff] as a co-author and to account to him for profits, which is covered by federal copyright law.").

38.     Plaintiff's state law claims for breach of contract and an accounting effectively seek the profits derived from the exploitation of copyrights.  Singh alleges that she was entitled to ownership of 50% of all profits of the business, which presumably would constitute those derived from the exploitation of copyrighted works.  Compl. ¶¶ 20-21, 70.  In the absence of a valid contractual agreement saying otherwise, this is only possible if she claims to be a joint author of the works in dispute.  *See Cambridge*, 510 F.3d at 80-1, 86 (holding that plaintiff's claim to be "a co-owner in turn depends, on the facts of this case, upon the federal Copyright Act," because those claims required "a determination of copyright ownership based on a disputed allegation of co-authorship").  As such, plaintiff's Fifth and Sixth Causes of Action, if viable at all, are "equivalent" to the above type of federal claim under the Copyright Act, and are therefore completely preempted. *Id.*

39.     Plaintiff further alleges that Defendant Yasmin Nanayakkara is accountable to her for the proceeds of the exploitation of such works, *see, e.g., id.* at ¶¶ 145-47.  Because plaintiff cannot establish the existence of a written partnership agreement, her claim for an accounting is simply a disguised attempt to claim joint authorship status and seek recovery of profits derived from the exploitation of the works at issue.  Accordingly, her claim for an accounting is fully preempted. *See*

1   *Worth*, 5 F. Supp. 2d at 822-23 (claim for accounting which sought profits from use

2   of copyrights held preempted and motion to remand denied).

3        40.    This Court has supplemental jurisdiction over all remaining causes of

4   action in the Complaint pursuant to 28 U.S.C. § 1367(a).  These claims are related to

5   the preempted claims such that they form part of the same case or controversy under

6   Article III of the United States Constitution and are derived from a "common

7   nucleus of operative fact."  *Worth*, 5 F. Supp. 2d at 823; 28 U.S.C. § 1367(a).

8   **III.**    **TIMELINESS OF REMOVAL**

9        41.    Defendant Yasmin Nanayakkara was served with a summons and

10  complaint in this action on November 15, 2013.  *See* Exhibit 7.

11       42.    Defendant Nalin Nanayakkara was served with a summons and

12  complaint in this action on November 14, 2013.  *See* Exhibit 13.

13       43.    Defendant Damayanthi Nanayakkara was served with a summons and

14  complaint in this action on November 14, 2103.  *See* Exhibit 12.

15       44.    Defendant Sandy Grewal was served with a summons and complaint in

16  this action on November 15, 2103.  *See* Exhibit 9.

17       45.    Defendant Rangi Perera was served with a summons and complaint in

18  this action on November 14, 2103.  *See* Exhibit 4.

19       46.    Defendant Fadi Rasheed was served with a summons and complaint in

20  this action on November 14, 2103.  *See* Exhibit 6.

21       47.    Defendant Fingerprint Communications, LLC was served with a

22  summons and complaint in this action on November 22, 2103.  *See* Exhibit 11.

23       48.    Defendant Y Jewels, LLC was served with a summons and complaint

24  in this action on November 15, 2103.  *See* Exhibit 8.

25       49.    As demonstrated above, *supra* ¶¶ 41-48, the earliest date of service for

26  any Removing Defendant in this action was November 14, 2013.  Thus, the deadline

27  for the earliest served defendant to remove this action is Monday, December 16,

28  2013, December 14, 2013 having fallen on a Saturday.  28 U.S.C. § 1446(b)(2)(B)

("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal"); Fed. R. Civ. P. 6(a)(1)(c) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

50.    This notice of removal was filed on December 16, 2013, and is thus timely as to all defendants.

## IV.    ADDITIONAL PROCEDURAL REQUIREMENTS

51.    This action, filed in the Superior Court of the State of California, County of Los Angeles, is being removed to the district and division embracing the place where the action is pending.  28 U.S.C. §1441(a).

52.    Pursuant to 28 U.S.C. §1446(a), copies of all the process, pleadings and orders on file with the state court or served on defendants in the state court are attached collectively as Exhibits 1 through 13.

53.    A notice of filing of removal, with a copy of this Notice of Removal attached thereto, is being filed with the clerk of the Superior Court of the State of California, County of Los Angeles, Case Number BC 527545, pursuant to 28 U.S.C. § 1446(d).

54.    A notice of filing of removal, with a copy of this Notice of Removal attached thereto, is being served on plaintiff's attorney pursuant to 28 U.S.C. § 1446(d).  A proof of such service will be filed with this Court.

55.    Pursuant to 28 U.S.C. § 1446, "all defendants who have been properly joined and *served* must join in or consent" to removal.  28 U.S.C. § 1446(b)(2)(A) (emphasis added).  There is no requirement for non-served defendants to join the petition for removal.  *See, e.g., Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) ("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or

1  fraudulently joined parties. This general rule applies, however, only to defendants

2  properly joined and served in the action.") (internal citations omitted).

3      56.    Defendants Yasmin Nanayakkara, Nalin Nanayakkara, Damayanthi

4  Nanayakkara, Sandy Grewal, Rangi Perera, Fadi Rasheed, Fingerprint

5  Communications, LLC, and Y Jewels LLC join in and consent to removal in this

6  action. 28 U.S.C. § 1446(b)(2)(A, C).

7      57.    Defendant Robert Verdi has not appeared in the state court action and

8  plaintiff has not filed a proof of service indicating that Robert Verdi has been served

9  with a summons. Because "[t]here is no indication in the record" that Robert Verdi

10  has been served, his consent to removal is not necessary. *Hernandez v. Ignite*

11  *Restaurant Group, Inc.*, 917 F. Supp. 2d 1086, 1089 (E.D. Cal. 2013).

12      58.    Defendant Whitney Milino has not appeared in the state court action

13  and plaintiff has not filed a proof of service indicating that Whitney Milino has been

14  served with a summons. Because "[t]here is no indication in the record" that

15  Whitney Milino has been served, her consent to removal is not necessary. *Id.*

16      59.    Defendant Does 1 through 25 are also named in the state court action.

17  These unknown defendants are not required to join in the Notice of Removal. *See,*

18  *e.g., Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

19      60.    Plaintiff has also brought suit against "Jessica Manaland aka Jessica

20  Manalad," an individual she repeatedly refers to as "Manaland" and whom she

21  claims to be "a fictitious character, invented by Yasmin based on Yasmin's high

22  school friend." Compl. ¶ 25. Incredibly, and without any justification, plaintiff's

23  attorneys have elected to serve Jessica Manalad, the high-school friend of defendant

24  Yasmin Nanayakkara whom plaintiff claims is *not* the individual at issue in her

25  complaint. Thus, while plaintiff has irresponsibly and inexplicably served Jessica

26  Manalad, *see* Exhibit 3, it is clear that the true defendant in this action, Jessica

27  Manaland has not yet been served and, accordingly, need not consent to removal of

28  this action. *Hernandez*, 917 F. Supp. 2d at 1089. Indeed, Jessica Manalad is not the

1  only party plaintiffs have served without any reason to believe that the entity served

2  was named in the suit.  *See* Exhibit 2 (proof of service for "Ryan Entertainment," a

3  party not mentioned in the Complaint, filed with the state court).

4       61.    Moreover, and in the alternative, defendant Jessica Manalad has been

5  fraudulently joined to this action and, as such, is not required to provide her consent

6  to removal.  *See, e.g., Sutton v. Davol, Inc.*, 251 F.R.D. 500, 506 (E.D. Cal. 2008)

7  (failure to obtain the consent of an improperly joined defendant does not negate an

8  otherwise proper removal).

9       62.    No previous application has been made for the relief requested herein.

10       63.    This notice has been signed pursuant to Fed R. Civ. P. 11.

11  **CONCLUSION**

12      By this notice, the Removing Defendants do not waive any objections as to

13  improper service, jurisdiction, or venue, or any other defenses or objection to this

14  action.  The Removing Defendants intend no admission of fact, law or liability by

15  this notice, and reserve all defenses, motions and pleas.  The Removing Defendants

16  pray that this action be removed to this Court for determination; that all further

17  proceedings in the state court be stayed; and that the Removing Defendants obtain

18  all additional relief to which they are entitled.

19  DATED: December 16, 2013     QUINN EMANUEL URQUHART &

20         SULLIVAN, LLP

21

22        By   _____

23         James R. Asperger

       Rachel E. Juarez

24         Attorneys for Defendants Yasmin

       Nanayakkara, Nalin Nanayakkara,

25         Damayanthi Nanayakkara, Sandy Grewal,

       Rangi Perera, Fadi Rasheed, Fingerprint

26         Communications, LLC, and Y Jewels

27         LLC.

28

**EXHIBIT 1**

COPY

**SUMMONS**

**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 13 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Yasmin Nanayakkara, et al. (et)
SEE ATTACHMENT "A" for all Defendants

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Mallika Jazmin Singh, an individual and member

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: (El nombre y dirección de la corte es:) Stanley Mosk Court<br><br>111 N. Hill St., Los Angeles, CA 90012 | CASE NUMBER (Número del Caso): **BC 527545** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Sally Chan, Esq., West Themis Law, PC 1811 S. Del Mar Ave. 2nd Flr. San Gabriel, CA 91776 626.737.8585

| DATE: (Fecha) NOV | Clerk, by (Secretario) JOHN A. CLARKE | , Deputy (Adjunto) SHAUNYA WESLEY |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# ATTACHMENT "A"

1. Yasmin Nanayakkara, an individual and member

2. Nalin Nanayakkara, an individual and member

3. Damayanthi Nanayakkara, an individual

4. Sandy Grewal, an individual

5. Jessica Manaland a.k.a. Jessica Manalad, an individual

6. Whitney Milino, an individual

7. Rangi Perera, an individual

8. Fadi Rasheed, an individual

9. Robert Verdi, an individual

10. Fingerprint Communications, LLC, a California Limited Liability Company

11. Y Jewels, LLC, a California Limited Liability Company

12. DOES 1-50, inclusive

**COPY**

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Sally Chan, Esq. (SBN 258775) Sinny Thai, Esq. (SBN 278644)<br>West Themis Law, PC<br>1811 S. Del Mar Ave., 2nd Flr.<br>San Gabriel, CA 91776<br>TELEPHONE NO.: 626.737.8585   FAX NO.: 626.737.8528<br>ATTORNEY FOR (Name): | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>NOV 13 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>SHAURYA WESLEY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District - Stanley Mosk

CASE NAME:
Mallika Jazmin Singh v. Yasmin Nanayakkara, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>BC527545 |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[✓] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): 19
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 12, 2013
Sinny B. Thai
(TYPE OR PRINT NAME)                    ► _____
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
      case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

---

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

COPY

| SHORT TITLE: Singh v. Nanayakkara, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 5 ☐ HOURS/ ☑ DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

---

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

---

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

| SHORT TITLE: Singh v. Nanayakkara, et al. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☑ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☑ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0

| SHORT TITLE: Singh v. Nanayakkara, et al. | CASE NUMBER | |
|---|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review (39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007   Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement<br>of Judgment (20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation<br>Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: Singh v. Nanayakkara, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☐3. ☐4. ☑5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>613 Wilcox Ave., Ste. 303 |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90036 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: November 12, 2013

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

COPY

SALLY S. CHAN, ESQ. (SBN: 258775)
SINNY THAI, ESQ. (SBN: 278644)
WANJA GUY, ESQ.(SBN: 275734)
KAREN TSO, ESQ. (SBN: 285369)
**WEST THEMIS LAW, PC.**
1811 S. DEL MAR AVE., 2ND FLOOR
SAN GABRIEL, CA 91776
T: (626) 737 - 8585
F: (626) 737 - 8528

Attorneys for Plaintiff,
MALLIKA "JAZMIN" SINGH

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 13 2013

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
SHAUNA WESLEY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

MALLIKA "JAZMIN" SINGH, an individual and member,

        Plaintiff,

        v.

YASMIN NANAYAKKARA, an individual and member; NALIN NANAYAKKARA, an individual and member; DAMAYANTHI NANAYAKKARA, an individual; SANDY GREWAL, an individual; JESSICA MANALAND a.k.a. JESSICA MANALAD, an individual; WHITNEY MILINO, an individual; RANGI PERERA, an individual; FADI RASHEED, an individual; ROBERT VERDI, an individual; FINGERPRINT COMMUNICATIONS, LLC, a California limited liability company; Y JEWELS, LLC, a California limited liability company; and DOES 1-50, inclusive.

        Defendants.

Case No.:

COMPLAINT FOR BC 5 2 7 5 4 5

1. FRAUD
2. FRAUDULENT INDUCEMENT
3. FRAUDULENT CONCEALMENT
4. FALSE PROMISE
5. BREACH OF CONTRACT
6. BREACH OF CONTRACT
7. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
8. BREACH OF FIDUCIARY DUTY (PARTNERSHIP)
9. BREACH OF THE DUTY OF UNDIVIDED LOYALTY
10. CIVIL CONSPIRACY
11. NEGLIGENT MISREPRESENTATION
12. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
13. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
14. CONVERSION
15. FRAUDULENT TRANSFER
16. PROFESSIONAL LEGAL MALPRACTICE
17. BREACH OF FIDUCIARY DUTY BY AN ATTORNEY
18. ACCOUNTING
19. VIOLATIONS OF BUSINESS AND PROFESSIONS CODE SECTION 17200

-1-
COMPLAINT

1    PLAINTIFF, MALLIKA "JAZMIN" SINGH (hereinafter "Jazmin" or "Plaintiff")

2  alleges upon knowledge as to herself and her own actions, and upon information and

3  belief as to all other matters, against YASMIN NANAYAKKARA, NALIN

4  NANAYAKKARA, SANDY GREWAL, JESSICA MANALAND a.k.a. JESSICA MANALAD,

5  WHITNEY MILINO, RANGI PERERA, FADI RASHEED, ROBERT VERDI,

6  FINGERPRINT COMMUNICATIONS, INC., Y JEWELS INC. and DOES 1-50, inclusive

7  (collectively "Defendants" unless individually referenced), and alleges as follows:

8                                **PARTIES**

9    1.  Plaintiff is and at all times mentioned in this Complaint, an individual and member

10  of the limited liability company, Yasmin & Jazmin, LLC (hereinafter, "Y&J") residing in the

11  county of Los Angeles, in the state of California.

12    2.  Plaintiff is informed and believes, and allege thereon, that YASMIN

13  NANAYAKKARA is and at all times mentioned in this complaint, an individual and a

14  member in the limited liability company of Yasmin and Jazmin LLC residing in the

15  County of Los Angeles, State of California.

16    3.  Plaintiff is informed and believes, and allege thereon, that Defendant NALIN

17  NANAYAKKARA is and at all times mentioned in this complaint, an individual and a

18  member of the limited liability company of Y Jewels, LLC residing in the County of Los

19  Angeles, State of California.

20    4.  Plaintiff is informed and believes, and allege thereon, that Defendant

21  DAMAYANTHI NANAYAKKARA is and at all times mentioned in this complaint, an

22  individual residing in the County of Los Angeles, State of California.

23    5.  Plaintiff is informed and believes, and allege thereon, that Defendant SANDY

24  GREWAL is and at all times mentioned in this complaint, an individual residing in the

25  County of Los Angeles, State of California.

26    6.  Plaintiff is informed and believes, and allege thereon, that Defendant JESSICA

27  MANALAND a.k.a. JESSICA MANALAD is and at all times mentioned in this complaint,

28  an individual residing in the County of Los Angeles, State of California.

1    7.  Plaintiff is informed and believes, and allege thereon, that Defendant WHITNEY

2    MILINO is and at all times mentioned in this complaint, an individual residing in the

3    County of Los Angeles, State of California.

4    8.  Plaintiff is informed and believes, and allege thereon, that Defendant RANGI

5    PERERA is and at all times mentioned in this complaint, an individual residing in the

6    County of Los Angeles, State of California.

7    9.   Plaintiff is informed and believes, and allege thereon, that Defendant FADI

8    RASHEED is and at all times mentioned in this complaint, an individual residing in the

9    County of Los Angeles, State of California.

10   10. Plaintiff is informed and believes, and allege thereon, that Defendant ROBERT

11   VERDI is and at all times mentioned in this complaint, an individual residing in the

12   County of Los Angeles, State of California.

13   11. Plaintiff is informed and believes, and alleges thereon, that DEFENDANT

14   FINGERPRINT COMMUNICATIONS LLC (hereinafter, "FPC") is, and at all times

15   mentioned in this complaint, a full-service public relations and marketing agency

16   organized under the laws of the state of California, which maintains its headquarters and

17   principal place of business in the county of Los Angeles, in the state of California, and

18   has engaged, and continues to engage, in the business public relations and marketing.

19   12. Plaintiff is informed and believes, and alleges thereon, that DEFENDANT Y

20   JEWELS, LLC. (hereinafter, "Y Jewels") is, and at all times mentioned in this complaint,

21   a business that engages in the design, manufacture, and sale of jewelry, organized

22   under the laws of the state of California, which maintains its headquarters and principal

23   place of business in the county of Los Angeles, in the state of California, and has

24   engaged, and continues to engage, in the business selling fine jewelry.

25   13. Defendants DOES 1 through 50, inclusive, are sued herein by such fictitious

26   names for reason that their true names and capacities are presently unknown to Plaintiff.

27   Upon the discovery of such true names and capacities, Plaintiff will seek leave of this

28   court to amend this Complaint accordingly.

14. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants name herein as DOES 1 through 20 was the agent, servant, employee, and representative of one or more of the other Defendants, and in so doing the thing mentioned below, was acting within the scope of its authority as such agent, servant, employee and representative with the permission and consent of the above individuals and/or entities.

15. Plaintiff is informed and believes and thereon alleges that there exists, and at all times herein mentioned there existed, a unity of interest and ownership of and between Defendants and DOES 1 through 50 inclusive, such that any individuality and separateness of each Defendant has ceased.

16. Plaintiff is informed and believed, and on that basis alleges, the Defendants are alter egos of each other.  Defendants, in both words and deeds, affirmed and ratified each other's agreement and obligations and in doing the things hereinafter mentioned, were acting within the scope of their authority as such alter egos with the permission and consent of their respective principals and/or employers.

### JURISDICTION

17. This is an unlimited civil action in that the amount requested exceeds the sum of $25,000.00.

18. Venue in this Court is proper because: (a) at least one the Defendants now reside in the Court's jurisdictional area; and/or (b) the injury to Plaintiff occurred with the Court's jurisdictional area.   Venue in this Court is proper pursuant to in that the unlawful conduct complained of herein occurred in Los Angeles County.

### GENERAL ALLEGATIONS

19. In 1999 Plaintiff met Defendant Yasmin Nanayakkara ("Yasmin") while enrolled at the University of Southern California as undergraduate students.

20. In 2008 Plaintiff and Yasmin made an oral agreement to go into business together as 50/50 partners for the purpose of designing, manufacturing, distributing, and selling South Asian inspired jewelry.  Pursuant to their oral agreement, Plaintiff was in charge of

-4-
**COMPLAINT**

design and manufacturing, while Yasmin was responsible for marketing and public relations.

21. Plaintiff and Yasmin formed a Limited Liability Company named Y&J. Further, Yasmin and Plaintiff later memorialized their oral agreement in a Partnership Agreement ("Partnership Agreement") as 50/50 partners and co-presidents. The Partnership Agreement, which dictated that all expenses, capital, and profits were evenly split between Plaintiff and Yasmin. A true and correct copy of the Partnership Agreement is attached and incorporated herein as **Exhibit A**.

22. On or about the same time, Plaintiff and Yasmin prepared an Operating Agreement, to provide for the management, operation, and duties as members of Y&J, LLC. The Operating Agreement also dictated that Yasmin would be responsible for all tax matters.  Plaintiff is informed and believes that Yasmin failed to maintain tax matters on behalf of Y&J. A true and correct copy of the Operating Agreement is attached and incorporated herein as **Exhibit B**.

23. Plaintiff remained in Thailand to oversee the manufacturing portion of the business while Yasmin handled the marketing and public relations in the US.  Plaintiff trusted Yasmin to conduct business matters in such a way as to not be adverse to Plaintiff's interests.

24. In or about August 2008, Plaintiff began to communicate regularly with Yasmin and Defendant Jessica Manaland a.k.a. Manalad ("Manaland") for the purpose of planning the launch of "Y&J" as a brand in the custom jewelry market.  Defendant Manaland represented herself as an industry insider who had access to numerous high-profile industry contacts and celebrities.

25. Manaland assured Plaintiff that, based on Manaland's experience as an industry insider, Y&J would be successful so long as Plaintiff followed Manaland's advice. Yasmin supported Manaland's representations regarding her purported experience in the industry. Plaintiff justifiably relied on Manaland and Yasmin's assurances to continue transferring money into Y&J and Yasmin's personal bank accounts. Manaland

1  continually pressured Plaintiff to invest more money into Y&J. Plaintiff is informed and

2  believes that Manaland may possibly be a fictitious character, invented by Yasmin based

3  on Yasmin's high school friend, to induce Plaintiff's continued investment. Ever since

4  working with Y&J, Plaintiff has not met Manaland despite attempts to by Plaintiff to meet.

5     26. Shortly after forming the partnership, Yasmin and her parents, Defendant Nalin

6  Nanayakkara ("Nalin") and Damayanthi Nanayakkara ("Damayanthi") represented to

7  Plaintiff that Nalin and Damayanthi, agreed to invest in Y&J, and would discuss with

8  banking institutions regarding investing in Y&J.  Nalin and Damayanthi represented to

9  Plaintiff that they would become an investor and match all financial investments made by

10  Plaintiff. Nalin and Damayanthi agreed to extend a line of credit to Y&J, thereby causing

11  Plaintiff to rely on Nalin and Damayanthi's statements to continue investing more

12  financial resources into Y&J. Plaintiff's funds were deposited in a Y&J bank account

13  where Yasmin had full access.

14     27. On or around the same time in 2009, Defendant Rangi Perera, Esq. ("Perera")

15  served as a legal representative for Y&J despite the fact that Perera was not licensed by

16  the State Bar of California. Perera acted on behalf of Y&J to draft various agreements,

17  negotiated terms for service and sale agreements, and reviewed vendor contracts.

18  Perera was not admitted to the California State Bar until June 2012.

19     28. Plaintiff is informed and believes that in 2010, Yasmin on behalf of Y&J contracted

20  with FPC, a public relations and marketing firm and entered into an unspecified service

21  agreement. Yasmin negotiated the terms and entered into the agreement without

22  Plaintiff's consent and approval after Plaintiff discovered the unauthorized employment.

23     29. At the same time, and unbeknownst to Plaintiff, Defendant Sandy Grewal

24  ("Grewal"), Yasmin's roommate, began working for Y&J in sales and distribution. Plaintiff

25  did not give approval and opposed to hiring Grewal to work for Y&J.

26     30. Plaintiff is informed and believes that Grewal, as well as Yasmin, emailed

27  numerous vendors, customers, and acquaintances, particularly Jessica Meisels

28  ("Meisels") of FPC requesting that FPC's employees, agents, and representatives avoid

*(handwritten margin note: RP-stated not atty -acted as legal rep, not lawyer *never paid by company for services -performed things as should)*

-6-
**COMPLAINT**

1   calls from Plaintiff, thereby excluding Plaintiff from involvement with key business

2   decisions.   Meisels and/or FPC agreed to exclude and/or conceal Y&J's business

3   marketing and distributions plan from Plaintiff. Grewal continued to inform all parties

4   involved in Y&J to not discuss any pricing, fees, and retainer with Plaintiff.  Grewal

5   relayed the same to Defendant Robert Verdi, a celebrity jewelry designer that Y&J

6   ultimately contracted to license his designs.

7   31. In or about February 2010, Defendant Whitney Milino ("Milino") introduced herself

8   to Plaintiff, representing herself as an industry insider with more than a decade of

9   experience and offered to work for Y&J as a consultant and sales representative.  Milino

10   requested $15,000.00 as an initial fee.  Milino began working for Y&J shortly thereafter.

11   As with Defendant Jessica Manaland, Plaintiff mainly communicated with Milino by way

12   of email.

13   32.  Throughout the course of her time working for Y&J, Milino constantly demanded

14   that Plaintiff tender funds and pressured Plaintiff to continually invest more financial

15   33. esources but failed to provide any invoices or receipts. Plaintiff never met Milino in

16   person despite Plaintiff's numerous requests. Plaintiff is informed and believes, and on

17   that basis alleges, that Whitney Milino may be a fictitious person created by Yasmin.

18   34. On or about September 11, 2011, Yasmin contracted with Defendant Robert

19   Verdi ("Verdi") to create fifty CAD designs for a new line of jewelry.  In consideration,

20   Yasmin promised to tender the amount of approximately $875,000.00. Yasmin executed

21   the agreement and did not obtain Plaintiff's approval or consent. Plaintiff tendered

22   approximately 50% for the contract. Plaintiff is informed and believes, and on that basis

23   alleges, that Yasmin conspired with Verdi and did not tender payment of the remaining

24   $437,500.00.

25   35. On or about October 2011, Yasmin represented to Plaintiff that RJW Collective, a

26   branding company, quoted Y&J $650,000.00 for six months of its branding services

27   (approximately $18k per month).  However, Plaintiff later discovered that RJW

28   Collective's services only cost $110,000.00.

36. Plaintiff is informed and believes, and on that basis alleges, that Yasmin took advantage of Plaintiff's requirement to be abroad to locate and manage manufacturing , causing her to be overseas and unable to closely monitor Y&J's contracts, intentionally misrepresented to Plaintiff the costs of various contracts that Y&J had purportedly executed with third parties.

37. In 2012, Yasmin and Milino represented to Plaintiff that they were in the process of executing a vendor contract with the Home Shopping Network ("HSN") to sell Y&J's jewelry in hopes of forcing Plaintiff to continue investing into Y&J.

38. At the end of August 2012, Yasmin continually failed to provide proper bookkeeping, accounting, and invoices of all payments Plaintiff made to Y&J for various costs and expenses despite numerous demands for accounting.

39. In September 2012, Defendant Fadi Rasheed, Esq. ("Rasheed") informed Plaintiff of his legal representation of Y&J. Plaintiff never signed a retainer agreement with Rasheed or his law group, Gareeb Law Group. Rasheed told Plaintiff that Y&J was in breach of the design licensing agreement with Robert Verdi, and demanded $100,000.00 in damages from Plaintiff.  Plaintiff is informed and believes that she was never in breach of the Robert Verdi design licensing agreement.

40. In or about October 2012, Yasmin, to further extort money from Plaintiff, told Plaintiff to pay $65,000.00 to keep the business going and if the funds were not tendered, Yasmin will terminate Y&J.

41. In April 2013, Yasmin and Perera informed Plaintiff that Y&J had been unilaterally terminated since December 2012 without Plaintiff's consent or approval. Plaintiff is informed and believes that Y&J was officially terminated on or about August 2013. Yasmin provided no accounting before termination and/dissolution of Y&J to Plaintiff.

42. Plaintiff is informed and believes, and on that basis alleges, that due to Yasmin's false and inflated price quoting, Plaintiff gave Yasmin approximately $886,000 for purposes of paying RJW Collective. In fact, Plaintiff's inspection of the RJW Collective contract and invoices revealed that RJW Collective billed approximately $193,029.00,

-8-
**COMPLAINT**

1   and showed that Y&J paid approximately $150,336.00, with an outstanding balance of

2   $42,693.00. Yasmin has failed to produce any proper accounting or bookkeeping to

3   reconcile the remaining $735,664.00.

4       43. In or about January 2013, Yasmin and her father Defendant Nalin Nanayakkara

5   created Y Jewels which engages in the business of designing, manufacturing,

6   distributing, and selling South Asian Inspired jewelry. Plaintiff is informed and believes,

7   and on that basis alleges that Yasmin and Nalin transferred Y&J's proprietary

8   information, property, intellectual property, and trade secrets, without adequate

9   consideration and Plaintiff's consent to operate Y Jewels. The development of vendor

10   lists, contacts, trade secrets require extensive capital, and time to develop at Y&J.

11       44. As a direct result of all Defendants' fraudulent acts, misrepresentation, and

12   reckless disregard of their duties, Plaintiff suffered substantial emotional distress during

13   the period in which Plaintiff suffered serious medical emergencies and mental distress.

14                        **FIRST CAUSE OF ACTION**
                                **Fraud**

15   **(Against Defendants Yasmin Nanayakkara, Nalin Nanayakkara, Jessica**

16   **Manaland, Whitney Milino, Rangi Perera, and Sandy Grewal)**

17       45. Plaintiff realleges and incorporates by references paragraphs above as though

18   fully set forth herein.

19       46. Defendants made numerous representations to Plaintiffs:

20          a.  Defendant Yasmin would match Plaintiff's financial investment as 50/50

21              partners.

22          b.  Defendant Yasmin obtained a line of credit to further finance the company.

23          c.  Defendant Nalin and Damayanthi agreed to match all investments made by

24              Plaintiff.

25          d.  Defendant Yasmin entered into service and purchase contracts where

26              terms were grossly inflated beyond the actual value and the fair market

27              value of services and goods.

28          e.  Defendant Grewal informed vendors to not communicate with Plaintiff.

f.   Defendant Grewal continued to work for Y&J after Plaintiff terminated her employment.

g.   Defendant Milino worked for Y&J as a salesperson and was compensated for it.

h.   Defendant Manaland represented herself as an industry insider and could cause Y&J success in the jewelry industry and was compensated for it.

i.   Numerous retail outlets such as Nordstrom, QVC, HSN, Macy's, Bergdorf Goodman, and Neiman Marcus expressed interest in carrying Y&J's jewelry line.

j.   The November 17th, 2011 Y&J Collection Launch Event cost an estimated $866,000 for marketing and public relations services provided by RJW Collective.

k.   Defendant Perera represented to Plaintiff that she was duly authorized to practice law in California before July 2012.

l.   Defendant Perera represented to Plaintiff that Y&J was terminated and/or dissolved on or about December 2012.

m.   Defendant Yasmin, on behalf of Y&J, contracted with Jessica Manaland and hired Whitney Milino to lead the sales and distribution department of Y&J.

n.   Defendant Yasmin entered into a service contract on behalf of Y&J with Robert Verdi in the amount of $875,000 and tendered full payment.

o.   Defendant Robert Verdi threatened to sue Y&J for possible breach of contract in 2012.

p.   Defendant Fingerprint Communications grossly inflated its quotes for services and invoice to further induce payments from Plaintiff.

47. At the time of making the affirmative misrepresentatives, concealments, and false promises to Plaintiff, Defendants has knowledge of its falsity or knowledge of concealment of the material facts.

48. Defendants made this statement with the intent to induce Plaintiff's reliance and Plaintiff justifiably relied by continually infusing more resources into Y&J.

49. The foregoing fraudulent acts of Defendants were willful, malicious, and oppressive, entitling Plaintiff to an award of exemplary and punitive damages.

50. As a result of the Defendants affirmative misrepresentations, concealments, and false promises, it has become necessary for Plaintiff to retain the firm of West Themis Law, PC, duly licensed to practice in all courts of the State of California, to assist in protecting Plaintiff's interest, and Plaintiff has incurred and continues to incur attorneys' fees and costs in an amount to be proven at the time of trial.

## SECOND CAUSE OF ACTION
### Fraud in the Inducement
**(Against Defendants Yasmin Nanayakkara, Nalin Nanayakkara, Damayanthi Nanayakkara, Jessica Manaland, Whitney Milino, Rangi Perera, Fadi Rasheed, and Fingerprint Communications, Inc.)**

51. Plaintiff realleges and incorporates by references paragraphs above as though fully set forth herein.

52. In engaging in and performing the acts, omissions and conduct alleged above, Defendants made an intentional statement, omission, or conduct that amounted to a misrepresentation of a material fact. Defendants represented to Plaintiff that they were acting in the best interest of Y&J and Plaintiff. Defendants made written and oral representations as follows:

    a. Defendant Yasmin would match Plaintiff's financial investment as 50/50 partners.

    b. Defendant Yasmin obtained a line of credit to further finance the company.

    c. Defendant Nalin and Damayanthi agreed to match all investments made by Plaintiff.

    d. Defendant Yasmin entered into service and purchase contracts where terms were grossly inflated beyond the actual value and the fair market value of services and goods to induce Plaintiff to continue investing.

e.  Defendant Milino worked for Y&J as a salesperson and was compensated for it.

f.  Defendant Manaland represented herself as an industry insider and could cause Y&J success in the jewelry industry and was compensated for it.

g.  Numerous retail outlets such as Nordstrom, QVC, HSN, Macy's, Bergdorf Goodman, and Neiman Marcus expressed interest in carrying Y&J's jewelry line.

h.  The November 17th, 2011 Y&J Collection Launch Event cost an estimated $866,000 for marketing and public relations services provided by RJW Collective.

i.  Defendant Perera represented to Plaintiff that she was duly authorized to practice law in California before July 2012.

j.  Defendant Perera represented to Plaintiff that Y&J was terminated and/or dissolved on or about December 2012.

k.  Defendant Yasmin, on behalf of Y&J, contracted with Jessica Manaland and hired Whitney Milino to lead the sales and distribution department of Y&J.

l.  Defendant Yasmin entered into a service contract on behalf of Y&J with Robert Verdi in the amount of $875,000 and tendered full payment.

m. Defendant Rasheed informed Plaintiff that Robert Verdi threatened to sue Y&J for possible breach of contract in 2012 to induce further investments.

n.  Defendant Fingerprint Communications grossly inflated its quotes for services and invoice to further induce payments from Plaintiff.

o.  Defendant Rasheed informed Plaintiff that she may be in breach of the Robert Verdi contract to further induce payments from Plaintiff.

53. Plaintiff is informed and believes, and on that basis alleges that Defendants represented the above referenced facts as material to Plaintiff's decision to enter into a

1  contract, and Defendants knew the representations were false at the time of the

2  representation.

3      54. Plaintiff reasonably relied on such misrepresentations and was designed to

4  pressure Plaintiff to transferring more money to Yasmin for her personal interests.

5      55. As an actual, legal and proximate cause of the wrongful conduct of the

6  Defendants, and each of them, Plaintiff suffered and incurred damages for: (a) physical,

7  mental, and emotional injuries and emotional distress; and (b) pecuniary loss. Plaintiff is

8  entitled to damages plus prejudgment interest, costs, and expenses in bringing this

9  action, and all other amounts deemed just and appropriate. The amount of damages and

10  recovery thereof will be determined according to proof at trial.

11  **THIRD CAUSE OF ACTION**

12  **Fraudulent Concealment**
**(Against Defendants Yasmin Nanayakkara, Jessica Manaland, Whitney Milino,**

13  **Rangi Perera and Sandy Grewal)**

14      56.     Plaintiff realleges and incorporates by references paragraphs above as

15  though fully set forth herein.

16      57.     Plaintiff and Defendant Yasmin were business partners. In engaging in and

17  performing the acts, omissions and conduct alleged above, Defendant Yasmin

18  intentionally failed to disclose important facts to Plaintiff. Defendant Yasmin also

19  disclosed some facts to Plaintiff but intentionally failed to disclose other important facts,

20  thus making the disclosure deceptive. Defendant Yasmin also intentionally failed to

21  disclose an important fact that was known only to her and that Plaintiff could not have

22  discovered the important fact herself. Further, Defendant Yasmin actively concealed

23  important facts from Plaintiff and prevented Plaintiff from discovering those important

24  facts.

25      58.     Defendants Manaland, Milino, Perera, and Grewal had a contractual

26  relationship with Plaintiff. Defendants disclosed some facts to Plaintiff but intentionally

27  failed to disclose other important facts, thus making the disclosure deceptive.

28  Defendants Manaland, Milino, Perera, and Grewal also intentionally failed to disclose an

-13-
**COMPLAINT**

1  important fact that was known only to them and that Plaintiff could not have discovered

2  the important fact herself. Further, Defendants Manaland, Milino, Perera, and Grewal

3  actively concealed important facts from Plaintiff and prevented Plaintiff from discovering

4  those important facts.

5      59.    In engaging and performing the acts, omissions and conduct alleged

6  above, Defendants, and each of them, actively concealed important facts from Plaintiff,

7  or prevented Plaintiff from discovery that fact.

8      60.    Plaintiff did not know of the concealed facts.

9      61.    In engaging and performing the acts, omissions and conduct alleged

10  above, Defendants, and each of them, intended to deceive Plaintiff by concealing the

11  facts.

12      62.    Plaintiff reasonably relied on Defendants' deception.

13      63.    As an actual, legal and proximate cause of the wrongful conduct of the

14  Defendants, and each of them, Plaintiff suffered and incurred damages for: (a) physical,

15  mental, and emotional injuries and emotional distress; and (b) pecuniary loss. Plaintiff is

16  entitled to damages plus prejudgment interest, costs, and expenses in bringing this

17  action, and all other amounts deemed just and appropriate. The amount of damages and

18  recovery thereof will be determined according to proof at trial.

19                  **FOURTH CAUSE OF ACTION**

20                       **False Promise**

  **(Against Defendants Yasmin Nanayakkara, Whitney Milino, and Fingerprint**

21                    **Communications, Inc)**

22      64.    Plaintiff realleges and incorporates by references paragraphs above as

23  though fully set forth herein.

24      65.    Defendants, and each of them, made material promises to Plaintiff as

25  described in the paragraphs above, including but not limited to diligently pursuing the full

26  performance of the contract and within the terms of the contracts.

27      66.    When the promises were made, Defendants did not intend to perform on

28  such promises. Defendants intended that Plaintiff rely on such promises.

67.    In engaging in and performing the acts, omissions and conduct alleged above, Defendants, and each of them, failed to perform pursuant to their promises to diligently perform under the terms of the contracts.

68.    As an actual, legal and proximate cause of the wrongful conduct of the Defendants, and each of them, Plaintiff suffered and incurred damages for: (a) physical, mental, and emotional injuries and emotional distress; (b) pecuniary loss; and (c) punitive damages. Plaintiff is entitled to damages plus prejudgment interest, costs, and expenses in bringing this action, and all other amounts deemed just and appropriate. The amount of damages and recovery thereof will be determined according to proof at trial.

### FIFTH CAUSE OF ACTION
### Breach of Contract
### (Against Defendant Yasmin Nanayakkara)

69.    Plaintiff realleges and incorporates by reference the paragraphs above as though fully set forth herein.

70.    Plaintiff and Defendant Yasmin entered into a Partnership Agreement for the purpose of selling high fashioned jewelry nationally and internationally.

71.    Plaintiff performed all of the obligations and/or condition that the contracts required her to perform, or was excused from performance. The conditions required by the Partnership Agreement for Defendant Yasmin's performance has occurred and/or were excused.

72.    Pursuant to Paragraph 1.3 of the Partnership Agreement, neither Parties shall directly or indirectly render services of a business, professional, or commercial nature to any person, company, or corporation, without the prior express written consent of the Partnership. **Exhibit A.**

73.    Further, pursuant to Paragraph 1.5 of the Partnership Agreement, all decisions made by the Parties pertaining to the business must be based on the "best interests" of the partnership. **Id.**

74.     In engaging in and performing the acts, omissions and conduct alleged above, Yasmin failed to perform her obligations pursuant to the agreement, or engaged in conduct that the agreement prohibited Yasmin from engaging in.

75.     Plaintiff has demanded that Defendant Yasmin fulfill the agreement, but Defendant Yasmin has refused to fully perform under the agreement.

76.     Defendant Yasmin's failure to diligently complete and nonperformance of the agreement is a breach of the partnership agreement.

77.     As an actual, legal and proximate cause of the wrongful conduct of Defendant Yasmin, Plaintiff suffered and incurred damages including and not limited to: (a) compensatory damages; (b) consequential damages and (c) loss of reputation. Plaintiff is entitled to damages plus prejudgment interest, costs, and expenses in bringing this action, and all other amounts deemed just and appropriate. The amount of damages and recovery thereof will be determined according to proof at trial.

## SIXTH CAUSE OF ACTION
### Breach of Contract
### (Against Defendants Yasmin Nanayakkara)

78.     Plaintiff realleges and incorporates by reference the paragraphs above as though fully set forth herein.

79.     Plaintiff and Defendant Yasmin entered into an Operating Agreement stating that Plaintiff and Defendant Yasmin equally contributed capital and shared 50/50 in the percentage interest.

80.     Plaintiff performed all of the obligations that the agreement required her to perform, or was excused from performance. All of the conditions required by the agreement for Defendant Yasmin to perform have occurred, or were excused.

81.     Pursuant to Paragraph 5.1 of the Operating Agreement, complete books of the account of Y&J's business will be fully and accurately entered and will be open to inspection and copying. **Exhibit B**. Paragraph 5.4 of the Operating Agreement states that

1  Defendant Yasmin will be responsible for the tax matters of Y&J and to expend Y&J

2  funds for professional services and the costs associated. **Id.**

3        82.      In engaging in and performing the acts, omissions and conduct alleged

4  above, Defendant Yasmin failed to perform its obligations pursuant to the agreement, or

5  engaged in conduct that the agreement prohibited Defendant Yasmin from engaging in.

6        83.      As an actual, legal and proximate cause of the wrongful conduct of

7  Defendant, Plaintiff suffered and incurred damages including and not limited to: (a)

8  compensatory damages and (b) consequential damages. Plaintiff is entitled to damages

9  plus prejudgment interest, costs, and expenses in bringing this action, and all other

10  amounts deemed just and appropriate. The amount of damages and recovery thereof will

11  be determined according to proof at trial.

12                          **SEVENTH CAUSE OF ACTION**
13              **Breach of the Implied Covenant of Good Faith and Fair Dealing**
                          **(Against Defendants Yasmin Nanayakkara)**

14        84.      Plaintiff realleges and incorporates by reference the paragraphs above as

15  though fully set forth herein.

16        85.      Defendant Yasmin entered into contracts with Plaintiff.

17        86.      Plaintiff performed all of the obligations that the contract required her to

18  perform, or was excused from performance. All of the conditions required by the contract

19  for Defendant Yasmin to perform had occurred, or were excused.

20        87.      In engaging in and performing the acts, omissions and conduct alleged

21  above, Defendant Yasmin breached her contracts and unfairly interfered with Plaintiff's

22  right to receive the benefits she was entitled to under the contracts.

23        88.      As an actual, legal and proximate cause of the wrongful conduct of

24  Defendant Yasmin, Plaintiff suffered and incurred damages including and not limited to:

25  (a) compensatory damages and (b) consequential damages. Plaintiff is entitled to

26  damages plus prejudgment interest, costs, and expenses in bringing this action, and all

27  other amounts deemed just and appropriate. The amount of damages and recovery

28  thereof will be determined according to proof at trial.

**EIGHTH CAUSE OF ACTION**
**Breach of Fiduciary Duty in a Partnership**
**(Against Defendants Yasmin Nanayakkara)**

89.     Plaintiff realleges and incorporates by references paragraphs above as though fully set forth herein.

90.     At all times alleged herein, Plaintiff and Yasmin were partners of Y&J, and thus there existed a fiduciary relationship between them.

91.     In engaging and performing the acts, omissions and conduct alleged above, Defendant breached that fiduciary duty imposed by Corporations Code § 16404(c) to Plaintiff as described in the facts above.

92.     Defendant's wrongful conduct was a substantial factor in causing Plaintiff's harm.

93.     As an actual, legal and proximate cause of the wrongful conduct of the Defendants, and each of them, Plaintiff suffered and incurred damages for: (a) compensatory damages; and (b) lost profits that would have been earned by the partnership but for Defendant Yasmin's breach. Plaintiff is entitled to damages plus prejudgment interest, costs, and expenses in bringing this action, and all other amounts deemed just and appropriate. The amount of damages and recovery thereof will be determined according to proof at trial.

**NINTH CAUSE OF ACTION**
**Breach of the Duty of Undivided Loyalty**
**(Against Defendants Yasmin Nanayakkara)**

94.     Plaintiff realleges and incorporates by references paragraphs above as though fully set forth herein.

95.     At all times alleged herein, Plaintiff and Defendant Yasmin were partners of Y&J, and thus there existed a fiduciary relationship between them.

96.     In engaging and performing the acts, omissions and conduct alleged above, Defendant Yasmin knowingly acted against Plaintiff's interests in connection with

-18-
**COMPLAINT**

1  Y&J's services contracts. Defendant Yasmin also acted on behalf of a party whose
2  interests were adverse to Plaintiff's interests in connection with Y&J's services contracts.

3      97.     Plaintiff never gave informed consent to Defendant Yasmin's wrongful
4  conduct.

5      98.     Defendant Yasmin's wrongful conduct was a substantial factor in causing
6  Plaintiff's harm.

7      99.     As an actual, legal and proximate cause of the wrongful conduct of
8  Defendant Yasmin, Plaintiff suffered and incurred damages for: (a) compensatory
9  damages; and (b) lost profits. Plaintiff is entitled to damages plus prejudgment interest,
10 costs, and expenses in bringing this action, and all other amounts deemed just and
11 appropriate. The amount of damages and recovery thereof will be determined according
12 to proof at trial.

13                 **TENTH CAUSE OF ACTION**
14                          **Civil Conspiracy**
15   **(Against Defendants Yasmin Nanayakkara, Nalin Nanayakkara, Damayanthi
Nanayakkara, Jessica Manaland, Whitney Milino, Sandy Grewal, Robert Verdi,
Rangi Perera, Fadi Rasheed, and Fingerprint Communications, Inc.,)**

16     100.    Plaintiff realleges and incorporates by references paragraphs above as
17 though fully set forth herein.

18     101.    Defendants were aware that Yasmin and others planned to use the Y&J
19 business to defraud Plaintiff. Defendants worked in a concerted effort to conceal or
20 withhold information from Plaintiff regarding the business costs, strategy, and marketing
21 of Y&J.

22     102.    Defendants agreed with Yasmin and others, and intended that the plan to
23 use the Y&J business to defraud Plaintiff be committed and cause Plaintiff to transfer
24 more money to Yasmin under the guise of investment for Y&J.

25     103.    Plaintiff is entitled to damages plus prejudgment interest, costs, and
26 expenses in bringing this action, and all other amounts deemed just and appropriate. The
27 amount of damages and recovery thereof will be determined according to proof at trial.

28

1  Plaintiff is entitled to damages plus prejudgment interest, costs, and expenses in bringing
2  this action, and all other amounts deemed just and appropriate. The amount of damages
3  and recovery thereof will be determined according to proof at trial.

4  
### ELEVENTH CAUSE OF ACTION
**Negligent Misrepresentation**
5  **(Against Defendants Yasmin Nanayakkara, Nalin Nanayakkara, Damayanthi**
6  **Nanayakkara, Jessica Manaland, and Whitney Milino)**

7       104.    Plaintiff realleges and incorporates by references paragraphs above as
8  though fully set forth herein.

9       105.    In engaging and performing the acts, omissions and conduct alleged
10 above, Defendants, and each of them, represented to plaintiff that an important fact was
11 true.

12      106.    Defendants representations as described above were false. Although
13 Defendants may have honestly believed that the representations were true, Defendants
14 had no reasonable grounds for believing the representations were true when such
15 representations were made.

16      107.    Defendants intended that Plaintiff rely on the representations. Plaintiff
17 reasonably relied on Defendants' representations.

18      108.    As an actual, legal and proximate cause of the wrongful conduct of the
19 Defendants, and each of them, Plaintiff suffered and incurred damages for: (a) physical,
20 mental, and emotional injuries and emotional distress; (b) pecuniary loss; and (c) punitive
21 damages.

22      109.    Plaintiff's reliance on Defendants' representations was a substantial factor
23 in causing Plaintiff's harm.

24      110.    Plaintiff is entitled to damages plus prejudgment interest, costs, and
25 expenses in bringing this action, and all other amounts deemed just and appropriate. The
26 amount of damages and recovery thereof will be determined according to proof at trial.

27

28

## TWELFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
**(Against Defendants Yasmin Nanayakkara, Jessica Manaland, Whitney Milino, Sandy Grewal, and Y Jewels, Inc.)**

111.    Plaintiff realleges and incorporates by references paragraphs above as though fully set forth herein.

112.    In engaging and performing the acts, omissions and conduct alleged above, Defendants, and each of them, engaged in outrageous conduct.

113.    Defendants intended to cause Plaintiff emotional distress, or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

114.    As an actual, legal and proximate cause of the wrongful conduct of the Defendants, and each of them, Plaintiff suffered and incurred damages for: (a) physical, mental, and emotional injuries and emotional distress including but not limited to anguish, shock, and humiliation; and (b) pecuniary loss.

115.    Defendants' outrageous conduct was a substantial factor in causing Plaintiff's emotional distress.

## THIRTEENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
**(Against Defendants Yasmin Nanayakkara, Jessica Manaland, Whitney Milino, Sandy Grewal, Rangi Perera, Fadi Rasheed, Fingerprint Communications, Inc., and Y Jewels, Inc.)**

116.    Plaintiff realleges and incorporates by references paragraphs above as though fully set forth herein.

117.    Defendants owed a duty of care to Plaintiff and were required to use great care and diligence to protect the Plaintiff's interests. In engaging and performing the acts, omissions and conduct alleged above, Defendants, and each of them, were negligent.

118.    As an actual, legal and proximate cause of the wrongful conduct of the Defendants, and each of them, Plaintiff suffered and incurred damages for: (a) physical, mental, and emotional injuries and emotional distress, including but not limited to anguish, shock, and humiliation; and (b) pecuniary loss.

1    119.    Defendants' negligence was a direct, proximate cause, and substantial

2    factor in causing Plaintiff's serious emotional distress.

3                        **FOURTEENTH CAUSE OF ACTION**
                                  **Conversion**
4    **(Against Defendants Yasmin Nanayakkara, Jessica Manaland, Whitney Milino,**
                             **and Sandy Grewal)**
5

6    120.    Plaintiff realleges and incorporates by references paragraphs above as

7    though fully set forth herein.

8    121.    Plaintiff owned, possessed, or had a right to possess certain personal

9    property, including but not limited to: money in a specific and identifiable sum and

10   intellectual, proprietary information.

11   122.    In engaging and performing the acts, omissions and conduct alleged

12   above, Defendants, and each of them, intentionally and substantially interfered with

13   Plaintiff's property by taking possession of such property, preventing Plaintiff from having

14   access to such property, destroying such property, or refusing to return such property

15   after Plaintiff demanded its return.

16   123.    Plaintiff did not consent to defendants' conduct and Defendants conduct

17   was a substantial factor in causing Plaintiff's harm.

18   124.    As an actual, legal and proximate cause of the wrongful conduct of the

19   Defendants, and each of them, Plaintiff suffered and incurred damages for: (a) physical,

20   mental, and emotional injuries and emotional distress; and (b) pecuniary loss.

21                        **FIFTEENTH CAUSE OF ACTION**
                              **Fraudulent Transfer**
22   **(Against Defendants Yasmin Nanayakkara, Nalin Nanayakkara, and Y Jewels,**
                                  **Inc.)**
23

24   125.    Plaintiff realleges and incorporates by references paragraphs above as

25   though fully set forth herein.

26   126.    Plaintiff and Yasmin were business partners. Yasmin and Nalin are

27   members of the limited liability company, Y Jewels. In engaging in and performing the

28   acts, omissions and conduct alleged above, Yasmin transferred Y&J's interest in

-22-
**COMPLAINT**

property to her new business venture, Y Jewels without adequate consideration.

127.   Plaintiff is informed and believes and thereon alleges that the transfer was made with an actual intent to hinder, delay, or defraud Plaintiff at the time the transfer was made as it was made when Yasmin unilaterally dissolved Y&J.

128.   Plaintiff is informed and believes and thereon alleges that the transfer of Y&J's interest in property was received by Defendant Yasmin, Nalin, and Y Jewels with knowledge that Defendant Yasmin intended to hinder, delay, or defraud Plaintiff.

129.   As an actual and proximate cause of Defendants' fraudulent acts, Plaintiff suffered damages in the minimum sum of $2.9M.

130.   The foregoing fraudulent acts of Defendants were willful, malicious and oppressive, entitling Plaintiff to an award of exemplary and punitive damages.

131.   As a further result of Defendants' fraudulent acts, it has become necessary for Plaintiff to retain the firm of West Themis Law, PC, duly licensed to practice in all courts of the State of California, to assist in protecting Plaintiff's interest, and Plaintiff has incurred and continues to incur attorneys' fees and costs in an amount to be proven at the time of trial.

### SIXTEENTH CAUSE OF ACTION
**Professional Legal Malpractice**
**(Against Defendants Rangi Perera and Fadi Rasheed)**

132.   Plaintiff realleges and incorporates by references paragraphs above as though fully set forth herein.

133.   Defendants Perera and Rasheed represented Y&J in a legal capacity as attorneys.

134.   In engaging and performing the acts, omissions and conduct alleged above, Defendants failed to use the skill and care that a reasonably careful attorney would have used in similar circumstances.

135.   Defendants were negligent by failing to adhere to the standard of care.

-23-
**COMPLAINT**

136.   Defendant's negligence was a substantial factor in causing Plaintiff's harm.

137.   As an actual, legal and proximate cause of the wrongful conduct of the Defendants, and each of them, Plaintiff suffered and incurred damages for: (a) compensatory damages; and (b) lost profits. Plaintiff is entitled to damages plus prejudgment interest, costs, and expenses in bringing this action, and all other amounts deemed just and appropriate. The amount of damages and recovery thereof will be determined according to proof at trial.

## SEVENTEENTH CAUSE OF ACTION
### Breach of Fiduciary Duty by an Attorney
### (Against Defendants Rangi Perera and Fadi Rasheed)

138.   Plaintiff realleges and incorporates by references paragraphs above as though fully set forth herein.

139.   As attorneys representing Y&J, Perera and Rasheed were fiduciaries of Plaintiff.

140.   In engaging and performing the acts, omissions and conduct alleged above, Defendants breached that fiduciary duty by knowingly acting against Plaintiff's interests in connection with Y&J's service contracts.  Additionally, Defendants acted on behalf of parties whose interests were directly adverse to Plaintiffs interests in connection with Y&J's service contracts.

141.   Plaintiff never gave informed consent to Defendant's wrongful conduct.

142.   Defendants' disloyal conduct was a substantial factor in causing Plaintiff's harm.

143.   As an actual, legal and proximate cause of the wrongful conduct of the Defendants, and each of them, Plaintiff suffered and incurred damages for: (a) compensatory damages; and (b) lost profits. Plaintiff is entitled to damages plus prejudgment interest, costs, and expenses in bringing this action, and all other amounts deemed just and appropriate. The amount of damages and recovery thereof will be determined according to proof at trial.

## EIGHTEENTH CAUSE OF ACTION
### Accounting
### (Against Defendants Yasmin Nanayakkara)

144.    Plaintiff realleges and incorporates by references paragraphs above as though fully set forth herein.

145.    Defendant Yasmin assumed sole possession and control of Y&J's business and assets specifically contracts and service agreements with Y&J vendors, the Y&J bank account, vendor list, and other proprietary information of the partnership, and thereafter controlled, operated, and conducted the same to the exclusion of Plaintiff and without making any accounting to Plaintiff of the income or disbursements, or of the net profits or losses realized by the partnership.

146.    The conduct of Defendant Yasmin was wrongful, in that it was in violation of the partnership agreement, which gives each partner equal rights in the management and conduct of the partnership business, and was a breach of Defendant Yasmin's fiduciary duties of loyalty and care to Plaintiff.

147.    No accounting has been made of the partnership business to Plaintiff. Plaintiff made repeated demands on Defendant Yasmin for an accounting, but Defendant Yasmin has failed, refused, and neglected to make the same, and continues to fail, refuse, and neglect to do so.

## NINETEENTH CAUSE OF ACTION
### Unfair Competition under Business and Professions Code § 17200
### (Against Defendants Y Jewels, LLC)

148.    Plaintiff realleges and incorporates by references paragraphs above as though fully set forth herein.

149.    Y Jewels's acts and practices as detailed above constitute acts of unfair competition. Y Jewels has engaged in an unlawful, unfair and/or fraudulent business act or practice within the meaning of California Business & Professions Code §17200.

150.    Y Jewels has engaged in an "unlawful" business act and/or practice by engaging in the conduct as set forth above. Through the above-described conduct, Y

1  Jewels has engaged in an "unfair" business act and the refusal to notify the public of the
2  true facts, either in the past or presently, based on the business acts and practices
3  described above is outweighed by the gravity of the resulting harm, particularly
4  considering the available alternatives, and/or offends public policy, is immoral,
5  unscrupulous, unethical and offensive, or causes substantial injury to Y Jewels'
6  customers and competitors.

7      151.  The above-described unlawful, unfair or fraudulent business acts and
8  practices engaged in by Y Jewels continue to this day and/or present a threat of
9  irreparable harm to its customers and to its competitors. Y Jewels has failed to publicly
10  acknowledge the wrongfulness of its actions and provide the complete relief required by
11  the statute.

12      152.  By engaging in the above-described conduct, Plaintiff suffered damages in
13  an amount to be determined at trial and, unless Y Jewels is restrained, Plaintiff will
14  continue to suffer irreparable damage due to Y Jewels' "fraudulent" business act or
15  practice described above.

16  <u>**DEMAND FOR JURY TRIAL**</u>

17      Plaintiff hereby demands a trial by jury for all claims.

18  <u>**PRAYER**</u>

19      **WHEREFORE**, Plaintiff prays for judgment against all Defendants as to all causes
20  of action, as follows:

21      A.  For compensatory damages according to proof of trial;
22      B.  For consequential damages according to proof at trial;
23      C.  For exemplary and punitive damages in an amount determined by the
24          Court;
25      D.  For reimbursement and restitution of all amounts acquired by Defendants
26          by means of such wrongful acts described herein;
27      E.  For statutory damages;
28

F.   For reasonable attorneys' fees herein incurred by Plaintiff, pursuant to applicable law;

G.   For an award of pre- and post-judgment interest at the rate allowed by the law;

H.   For a full and complete accounting of the Y&J partnership, from May 2009;

I.   For a judgment in favor of Plaintiff and against Defendant Yasmin for the amount found to be due under that accounting;

J.   For cost of suit herein incurred by Plaintiff;

K.   For such other and further relief as the Court may deem proper.

Dated: November 13, 2013

Respectfully Submitted,
**WEST THEMIS LAW, PC**
Attorneys for Plaintiff,
Mallika "Jazmin" Singh

By: _____
Sinoy Thai, Esq.
Sally S. Chan, Esq.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

PARTNERSHIP AGREEMENT
BETWEEN
YASMIN NANAYAKKARA AND
JAZMIN SINGH

This Agreement is entered into between the Parties effective as of October 4, 2010, by and between Jazmin Singh, an individual ("JS") and Yasmin Nanayakkara, an individual ("YN"). To the extent that JS and YN have been formed as of the date of this Agreement, it shall be understood to be between Jazmin Singh and Yasmin Nanayakkara (collectively, "Parties") in their individual capacities, and subsequently binding upon JS and YN when formed. The purpose of this Agreement is to reduce to written form an oral agreement that has been reached between the Parties relating to the establishment of an association of a limited liability company in the name of Yasmin and Jazmin for the purpose of selling high fashioned jewelry nationally and internationally.

WHEREAS, Jazmin Singh and Yasmin Nanayakkara formed Yasmin and Jazmin, LLC on June 11, 2009 under license number 200916310089 for the purpose of establishing a company under which the parties can import, export and engage in the services of jewelry sales.

WHEREAS, JS and YN agree to join together to form the company of Yasmin and Jazmin, LLC ("Yasmin and Jazmin");

THEREFORE, based upon the following terms, conditions, promises, and restrictions, the Parties agree as follows:

1.0    Establishment of Partnership

1.1 The Parties agree to form a Partnership for the purposes of importing, exporting and engaging in the services of jewelry sales under the terms and conditions set forth herein. The name of this Partnership will be "Yasmin and Jazmin, LLC," ("Partnership").

1.2    The initial principal office location for Yasmin and Jazmin will be 813 Wilcox Ave, Suite 306, Los Angeles, California 90038, with its intended primary location at 813 Wilcox Ave, Suite 306, Los Angeles, California 90038.

1.3     Without the prior express written consent of the Partnership, neither Parties shall, except as provided herein, directly or indirectly, during the term of this Agreement, render services of a business, professional, or commercial nature to any other person, company, or corporation, whether or not the services are rendered for compensation.

1.4     All business revenues and fees produced or transacted through the efforts of either Parties are the sole property of the Partnership.

1.5     All decisions pertaining to the business must be based on "the best interests" of the partnership.  Any actions or decisions must be based on legitimate business grounds precluding partners from invoking personal biases or emotions when making decisions or entering contracts on behalf of the partnership.

2.0     Expenses

2.1     It is hereby agreed that all joint operating expenses of the Partnership set forth on Schedule "A" shall be paid by the Partnership.

2.2     It is hereby agreed that all individual expenses will be the responsibility of the individual partners based on the distribution set forth herein.

3.0     Revenues

3.1     All funds generated after the effective date of this Agreement shall be deposited into a Yasmin and Jazmin account, which shall be established by the parties.

3.2     It is hereby agreed that both JS and YN expressly agrees to defend, indemnify and hold harmless each other, individually and/or professionally, of and from any and all claims, demands, actions, causes of action, liabilities, debts, liens, rights, attorneys fees, costs, expenses, damages and/or causes of action whatsoever, both known and unknown, both suspected and unsuspected, whether in the past, present or future, whether based upon contract, tort, statute, or other legal or equitable theory of recovery, arising out of, or in any way connected with or resulting from acts and/or omissions of each other individual outside of their representative scope of the Partnership and/or any activities that arise prior to the effective date of this Agreement

4.0    Capital Expenditures

    4.1    All capital expenses that will be made by Yasmin and Jazmin shall be agreed to by the Parties (*i.e.*, travel, client meetings, *etc.*).

5.0    Distribution

    5.1    The Parties agree that this Partnership will be owned 50% by JS and 50% by YN for the first annual term of this Agreement.

    5.2    It is further agreed that YN will be the "managing partner" of this Partnership with the necessary authority to make all final business decisions as it relates to the operation of the Partnership.

    5.3    YN agrees to meet and confer with JS as it relates to major decisions and planning before implementation of the same.  These issues include, but are not limited to, (i) expansion of business into new territories; (ii) hiring of new employees; (iii) salary review of employees except as specified herein; (iv) the setting of levels and types of marketing expenditures; (v) changes to design of jewelry; (vi) reevaluation and purported changes to ownership percentages and/or partnership distributions.

6.0    Termination

    6.1    The terms of this Agreement shall be reevaluated in 180 days from the effective date of this Agreement.

    6.2    Either party may terminate this agreement upon 180 days written notice to the other party, with or without cause.

    6.3    In the event of termination, the Parties will retain the customers and sales for which they are primarily responsible for.

    6.4    The net cash (after collection of all accounts receivables and payments of all expenses) in the operating account after the effective date of this Agreement shall be distributed 50% to JS and 50% to YN.

6.5   All assets originally brought into Yasmin and Jazmin will be retained by the contributing Party with regard to said assets.

6.6   The Parties will endeavor to divide the remaining sales and clients in a fair and equitable manner based upon the ownership percentage. If the Parties cannot agree on this issue, such division shall be decided by binding arbitration as set forth herein.

6.7   In the event that JS or YN decide to sell their 50% share of the company, the other 50% partner, either JS or YN, will have the first right of refusal thereby giving either partner the first right to buy out the remaining 50% share of the company with a reasonable amount of time to obtain the funds to purchase the shares of the company. If the remaining partner elects not to buy the remaining 50% share, the 50% share of the company may be sold to another party(s), but only with the consent and approval of the remaining partner.

6.8   The Parties agree not to solicit any client transferred to one party for a period of one year following the termination or dissolution of the Partnership.

6.9   This Partnership shall terminate in the event of death of either of the principals, Jazmin Singh or Yasmin Nanyakarra.

____Nalin Nanayakkara_____
Print Name of Beneficiary


_____
Print Name of Beneficiary


7.1   All notices and other communications under this Agreement shall be in writing and shall be deemed to have been duly given on date of delivery if delivered personally, three (3) days following the date of deposit if mailed by registered or certified mail within the United States, postage prepaid, or the next business day following deposit with an overnight air courier service, (or to the other party at the following addresses as a party may specify by notice pursuant to this provision):

(a) If to YN:      813 Wilcox Avenue #306
                   Los Angeles, CA 90038

(b) If to JS:      **Jazmin Singh**

                   **3/21 PSJ Penthouse #7B**
                   **Soi 6 Sukhumvit Road**
                   **Bangkok 10110**
                   **Thailand**

**8.0     Inventions & Creations**

8.1     <u>Assignment.</u>  The Parties hereby agrees to assign and transfer to Yasmin and
Jazmin, and agrees that Yasmin and Jazmin shall be the owner of all designs, sketches, styles,
inventions, discoveries, improvements and devices relating thereto, heretofore or hereafter
conceived, developed or made by the Parties, either alone or with others, in whole or in part
during the Parties' service to Yasmin and Jazmin which are useful in, or directly or indirectly
relate to Yasmin and Jazmin's current or future business or which relate to, or are conceived,
developed or made in the course of, the Parties' service or which are developed or made from, or
by reason of knowledge gained from such service ("Inventions").  The Parties shall have the
right to use all Inventions, whether original or derivative, in any manner whatsoever, and the
Parties acknowledges that all of said Inventions shall be considered as "work made for hire"
belonging to Yasmin and Jazmin.

8.2     <u>Disclosure.</u>  The Parties hereby agrees to disclose promptly and in writing to
Yasmin and Jazmin all Inventions to which the Parties are or may arguably be entitled as
provided above, and agrees not to disclose such Inventions to others, without the express written
consent of GPS Law.

**9.0     Severability**

9.1     If any paragraph, part, section or clause of this Agreement is held by a court of
competent jurisdiction to be vague, indefinite, invalid or otherwise unenforceable in accordance
with its terms.  This entire Agreement shall not fail on account thereof, but such paragraph, part,

section or clause shall be enforced to the extent permissible under governing law and the balance of this Agreement shall continue in full force and effect.

10.0   Amendments and Waivers

    10.1   Neither this Agreement nor any term hereof shall be changed, waived, discharged or terminated orally or in writing, except that any term of this Agreement may be amended and the observance of such term may be waived (either generally or in a particular instance and either retroactively or prospectively) with (but only with) the written consent of JS and YN; provided, however, that no such amendment or waiver shall extend to or affect any obligation not expressly amended or waived.  The waiver by a Party of one breach or default hereunder by the other Party will not limit, waive, or otherwise affect the first Party's right thereafter to require and enforce strict compliance with every term and condition of this Agreement.

    10.2   This Agreement, together with the Schedules hereto, contains the entire Agreement and understanding of the parties and may not be amended except in accordance with the provisions of 12.0 hereof.

11.0   Governing Law

    11.1   This Agreement shall be governed by and interpreted in accordance with the laws of the State of California.

    11.2   For the purpose of interpreting this Agreement, the singular shall include the plural and vice-versa, the masculine shall include the feminine and the neuter and "person" shall include, without limitation, any individual, partnership, company, corporation, unincorporated association or any other entity.

    11.3.   Any controversy or claim arising our of or relating to this Agreement, or the breach thereof, including, but not limited to the validity and enforceability of this Agreement under all Federal Laws, State Laws, and International Laws or otherwise, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, utilizing the Judicial Arbitration and Mediation Services (JAMS) located in Los

Angeles, California, and judgment upon the award rendered may be entered in any court having jurisdiction thereof. Any such arbitration award shall be binding on the parties. The parties may seek or obtain any provisional remedy, including, but not limited to prejudgment attachment and injunctive relief, in a court of competent jurisdiction without waiving the right to arbitration.

11.4.   The section headings contained in this Agreement are for the reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

12.0   Counterparts

12.1   This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12.2   The parties acknowledge that this Agreement was the subject of negotiations between the parties and shall be considered as being mutually prepared. Each of the Parties specifically represents and warrants to the other Party that they have had this agreement reviewed by legal counsel of their choice.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year set forth below.

_____          _____
Jazmin Singh                                            Date


_____          _____
Yasmin Nanayakkara                                 Date

## SCHEDULE "A"

"Operating Expenses" of Yasmin and Jazmin shall be limited to costs and/or expenses incurrent after the effective of the Agreement as follows:

1. All rent and lease payments made on a monthly basis;
2. All utilities expenses of Yasmin and Jazmin, including electricity, gas, water, telephone, and facsimile services;
3. All cellular expenses, including cellular phones, pagers, and Blackberry services;
4. Any and all costs associated with the acquisition of telephones, computers, copiers, facsimile machines, and other electronic equipments which are necessary for the operation of Yasmin and Jazmin;
5. All costs associated with the maintenance or repair work of office computers, printers, copiers, and facsimile;
6. Any and all costs associated with the acquisition of office fixtures, furniture, and decorations;
7. All wages or salaries paid to sales representatives, secretaries, receptionists, or other personnel, if any, of Yasmin and Jazmin;
8. All costs associated with office supplies, such as, but not limited to, business cards, letterheads, paper, pens, etc., which are necessary to the operation of Yasmin and Jazmin
9. All marketing expenses which are approved by the Parties for the benefit of Yasmin and Jazmin

10. All costs associated with insurance for the Partnership;
11. All costs associated with legally obligated federal, state, and local taxes arising from the operation of Yasmin and Jazmin
12. All costs associated with the handling, prosecution, and defense of any cases of the Partnership which have been approved by the Parties of Yasmin and Jazmin
13. Any and all other costs which have been approved by the Parties of Yasmin and Jazmin

The foregoing Operating Expenses may be modified for subsequent calendar years by written agreement of the Parties, which shall be incorporated into this Agreement.

Initials _____/_____                    PAGE 1 of NUMPAGES 9

Angeles, California, and judgment upon the award rendered may be entered in any court having jurisdiction thereof. Any such arbitration award shall be binding on the parties. The parties may seek or obtain any provisional remedy, including, but not limited to prejudgment attachment and injunctive relief, in a court of competent jurisdiction without waiving the right to arbitration.

11.4.   The section headings contained in this Agreement are for the reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

12.0   <u>Counterparts</u>

12.1   This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12.2   The parties acknowledge that this Agreement was the subject of negotiations between the parties and shall be considered as being mutually prepared. Each of the Parties specifically represents and warrants to the other Party that they have had this agreement reviewed by legal counsel of their choice.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year set forth below.

_____          _____
Jazmin Singh                                        Date


_____          10 - 11 - 10
Yasmin Nanayakkara                            Date

Initials YN /_____                    PAGE 1 of NUMPAGES 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

# Yasmin and Jazmin LLC

## Operating Agreement

A.  THIS OPERATING AGREEMENT of Yasmin and Jazmin LLC (the "Company") is entered into as of the date set forth on the signature page hereto by each of the persons named in Exhibit A hereto (referred to individually as a Member and collectively as the Members).

B.  The Members have formed a limited liability company under the Beverly-Killea Limited Liability Company Act ("California Limited Liability Company Act").  The articles of organization of the Company filed with the California Secretary of State are hereby adopted and approved by the Members.

C.  The Members enter into this agreement to provide for the governance of the Company and the conduct of its business, and to specify their relative rights and obligations.

NOW THEREFORE, the Members agree as follows:

## ARTICLE 1 · DEFINITIONS

Capitalized terms used in this agreement have the meanings specified in this Article or elsewhere in this agreement and when not so defined shall have the meanings set forth in the California Limited Liability Company Act.

"Capital Contribution" means the amount of cash, property or services contributed to the Company.

"Company" means Yasmin and Jazmin LLC, a California limited liability company.

"Member" means a Person who acquires Membership Interests, as permitted under this agreement, and who becomes or remains a Member.

"Membership Interests" means either Percentage Interest or Units, based on how ownership in the Company is expressed on Exhibit A.

"Percentage Interest" means a percent ownership in the Company entitling the holder to an economic and voting interest in the Company.

"Person" means an individual, partnership, limited partnership, trust, estate, association, corporation, limited liability company, or other entity, whether domestic or foreign.

"Unit" means a unit of ownership in the Company entitling the Member holding such Unit to an economic interest and a voting interest in the Company.

## ARTICLE 2: CAPITAL AND CAPITAL CONTRIBUTIONS

**2.1 Initial Capital Contributions and Membership Interests.** The Capital Contributions of the initial Members, as well as the Membership Interests of each Member, are listed in Exhibit A, which is made part of this agreement. Membership Interests in the Company may be expressed either in Units or directly in Percentage Interests.

**2.2 Subsequent Contributions.** No Member shall be obligated to make additional capital contributions unless unanimously agreed by all the Members.

**2.3 Capital Accounts.** Individual capital accounts may be maintained for each Member consisting of that Member's Capital Contribution, (1) increased by that Member's share of profits, (2) decreased by that Member's share of losses and company expenses, (3) decreased by that Member's distributions and (4) adjusted as required in accordance with applicable tax laws.

**2.4 Interest.** No interest shall be paid on Capital Contributions or on the balance of a Member's capital account.

**2.5 Limited Liability.** A Member shall not be bound by, or be personally liable for, the expenses, liabilities, or obligations of the company except as otherwise provided in this agreement or as required by law.

## ARTICLE 3: ALLOCATIONS AND DISTRIBUTIONS

**3.1 Allocations.** The profits and losses of the Company and all items of Company income, gain, loss, deduction, or credit shall be allocated, for Company book purposes and for tax purposes, pro rata in proportion to relative Membership Interests held by each Member.

**3.2 Distributions.** The Company shall have the right to make distributions of cash and property to the Members pro rata based on the relative Membership Interests. The timing and amount of distributions shall be determined by the Members in accordance with California law.

## ARTICLE 4: MANAGEMENT

**4.1 Management.** The business of the Company shall be managed by the Members. In the event of a dispute between Members, final determination shall be made by a vote of the majority of the Members (unless a greater percentage is required in this Agreement or under California law). Any Member may bind the Company in all matters in the ordinary course of business.

**4.2 Banking.** The Members are authorized to set up one or more bank accounts and are authorized to execute any banking resolutions provided by the institution where the accounts are

-2-

being set up. All funds of the Company shall be deposited in one or more accounts with one or more recognized financial institutions in the name of the Company.

4.3 **Officers.** The Members are authorized to appoint one or more officers from time to time. The officers shall hold office until their successors are chosen and qualified. Subject to any employment agreement entered into between the officer and the Company, an officer shall serve at the pleasure of the Members. The current officers of the Company are listed on Exhibit B.

## ARTICLE 5: ACCOUNTS AND ACCOUNTING

5.1 **Accounts.** Complete books of account of the Company's business, in which each Company transaction shall be fully and accurately entered, shall be kept at the Company's principal executive office and shall be open to inspection and copying on reasonable notice by any Member or their authorized representatives during normal business hours for purposes reasonably related to the interest of such person as a Member. The costs of such inspection and copying shall be borne by the Member.

5.2 **Records.** At all times during the term of existence of the Company, and beyond that term if the Members deems it necessary, the Members shall keep or cause to be kept the following:

(a) A current list of the full name and last known business or residence address of each Member, together with the Capital Contribution, the amount and terms of any agreed upon future Capital Contribution, and Membership Interest of each Member;

(b) A copy of the articles of organization and any amendments;

(c) Copies of the Company's federal, state, and local income tax or information returns and reports, if any, for the six most recent taxable years; and

(d) An original executed copy or counterparts of this agreement and any amendments.

5.3 **Income Tax Returns.** Within 45 days after the end of each taxable year, the Company shall use its best efforts to send to each of the Members all information necessary for the Members to complete their federal and state income tax or information returns and a copy of the Company's federal, state, and local income tax or information returns for such year.

5.4 **Tax Matters Member.** Yasmin Nanayakkara shall act as tax matters member of the Company to represent the Company (at the Company's expense) in connection with all examinations of the Company's affairs by tax authorities and to expend Company funds for professional services and costs associated therewith.

-]-

## ARTICLE 6: MEMBERSHIP--MEETINGS, VOTING

6.1 **Members and Voting Rights.** Members shall have the right and power to vote on all matters with respect to which this agreement or California law requires or permits such Member action. Voting shall be based on Membership Interests. Unless otherwise stated in this Agreement or under California law, the vote of the Members holding a majority of the Membership Interests shall be required to approve or carry an action.

6.2 **Meetings.** Regular or annual meetings of the Members are not required but may be held at such time and place as the Members deem necessary or desirable for the reasonable management of the Company.

Meetings may be called by any member or members holding 10% or more of the Membership Interests, for the purpose of addressing any matters on which the Members may vote. A written notice shall be given not less than 10 days nor more than 60 days before the date of the meeting to each member entitled to vote at the meeting. In any instance in which the approval of the Members is required under this agreement, such approval may be obtained in any manner permitted by California law, including by conference telephone or similar communications equipment. In addition, notice to any meeting may be waived, and any action which could be taken at a meeting can be approved if a consent in writing, stating the action to be taken, is signed by the holders of the minimum Membership Interest needed to approve the action.

## ARTICLE 7: WITHDRAWAL AND TRANSFERS OF MEMBERSHIP INTERESTS

7.1 **Withdrawal.** A Member may withdraw from the Company prior to the dissolution and winding up of the Company with the unanimous consent of the other Members, or if such Member transfers or assigns all of his or her Membership Interests pursuant to Section 7.2 below. A Member which withdraws pursuant to this Section 7.1 shall be entitled to a distribution in an amount equal to such Member's Capital Account.

7.2 **Restrictions on Transfer.** A Member may transfer Membership Interests to any other Person without the consent of any other Member. A person may acquire Membership Interests directly from the Company upon the written consent of all Members. A person which acquires Membership Interests in accordance with this section shall be admitted as a Member of the Company after the person has agreed to be bound by the terms of this Operating Agreement by executing a consent in the form of Exhibit C.

-4-

## ARTICLE 8: DISSOLUTION AND WINDING UP

8.1 **Dissolution.** The Company shall be dissolved upon the first to occur of the following events:

(a) The vote of Members holding a majority of the outstanding Membership Interests to dissolve the Company.

(b) Entry of a decree of judicial dissolution under Section 17351 of the California Corporations Code.

(c) At any time there are no Members, provided that the Company is not dissolved and is not required to be wound up if, within 90 days after the occurrence of the event that terminated the continued membership of the last remaining Member, the legal representative of the last remaining Member agrees in writing to continue the Company and to the admission of the legal representative of such Member or its assignee to the Company as a Member, effective as of the occurrence of the event that terminated the continued membership of the last remaining Member.

8.2 **No automatic dissolution upon certain events.** Neither the death, incapacity, disassociation, bankruptcy or withdrawal of a Member shall automatically cause a dissolution of the Company.

## ARTICLE 9: INDEMNIFICATION

9.1 **Indemnification.** The Company shall have the power to indemnify any Person who was or is a party, or who is threatened to be made a party, to any proceeding by reason of the fact that such Person was or is a Member, Manager, officer, employee, or other agent of the Company, or was or is serving at the request of the Company as a director, manager, officer, employee, or other agent of another limited liability company, corporation, partnership, joint venture, trust, or other enterprise, against expenses, judgments, fines, settlements, and other amounts actually and reasonably incurred by such Person in connection with such proceeding, if such Person acted in good faith and in a manner that such Person reasonably believed to be in the best interests of the Company, and, in the case of a criminal proceeding, such Person had no reasonable cause to believe that the Person's conduct was unlawful. The termination of any proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the Person did not act in good faith and in a manner that such Person reasonably believed to be in the best interests of the Company, or that the Person had reasonable cause to believe that the Person's conduct was unlawful.

To the extent that an agent of the Company has been successful on the merits in defense of any proceeding, or in defense of any claim, issue, or matter in any such proceeding, the agent shall be indemnified against expenses actually and reasonably incurred in connection with the

proceeding  In all other cases, indemnification shall be provided by the Company only if authorized in the specific case unanimously by all of the Members.

"Proceeding," as used in this section, means any threatened, pending, or completed action or proceeding, whether civil, criminal, administrative, or investigative.

9.2 **Expenses.** Expenses of each Person indemnified under this agreement actually and reasonably incurred in connection with the defense or settlement of a proceeding may be paid by the Company in advance of the final disposition of such proceeding, as authorized by the Members who are not seeking indemnification upon receipt of an undertaking by such Person to repay such amount unless it shall ultimately be determined that such Person is entitled to be indemnified by the Company.

"Expenses," as used in this section, includes, without limitation, attorney fees and expenses of establishing a right to indemnification, if any, under this section.

## ARTICLE 10: GENERAL PROVISIONS

10.1 **Entire Agreement; Amendment.** This agreement constitutes the whole and entire agreement of the parties with respect to the subject matter of this agreement, and it shall not be modified or amended in any respect except by a written instrument executed by all of the Members. This agreement replaces and supersedes all prior written and oral agreements by and among the Members.

10.2 **Governing Law; Severability.** This agreement shall be construed and enforced in accordance with the internal laws of the State of California. If any provision of this agreement is determined by any court of competent jurisdiction or arbitrator to be invalid, illegal, or unenforceable to any extent, that provision shall, if possible, be construed as though more narrowly drawn, if a narrower construction would avoid such invalidity, illegality, or unenforceability or, if that is not possible, such provision shall, to the extent of such invalidity, illegality, or unenforceability, be severed, and the remaining provisions of this agreement shall remain in effect.

10.3 **Benefit.** This agreement shall be binding on and inure to the benefit of the parties and their heirs, personal representatives, and permitted successors and assigns.

10.4 **Number and Gender.** Whenever used in this agreement, the singular shall include the plural and the plural shall include the singular, and the neuter gender shall include the male and female as well as a trust, firm, company, or corporation, all as the context and meaning of this agreement may require.

**10.5 No Third Party Beneficiary.** This agreement is made solely for the benefit of the parties to this agreement and their respective permitted successors and assigns, and no other person or entity shall have or acquire any right by virtue of this agreement.

**IN WITNESS WHEREOF,** the parties have executed or caused to be executed this Operating Agreement as of the date below.

Dated:_____

_____
Yasmin Nanayakkara

_____
Mallika Singh

EXHIBIT A

## MEMBERS

The following persons are the initial Members of the Company, and their initial capital contributions and ownership is set forth below.

| Name | Capital Contribution ($) | Percentage Interest |
|------|--------------------------|---------------------|
| Yasmin Nanayakkara | $50,000.00 | 50% |
| Mallika Singh | $50,000.00 | 50% |

-9-

EXHIBIT B

## OFFICERS

The following person(s) are elected as officers of the Company:

| Name of Officer | Title |
| --- | --- |
| Yasmin Nanayakkara | President |
| Mallika Singh | Co President |

EXHIBIT C

## NEW MEMBER'S CONSENT

The undersigned agrees to be bound as a Member by the terms of the Operating Agreement of Yasmin and Jazmin LLC as if the undersigned was a signatory thereof.

_____
(Signature)

Name: _____

Date: _____

-11-

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**

BC527545

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Michael Johnson | 56 | 514 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Rita Miller | 16 | 306 | Hon. Mark Mooney | 68 | 617 |
| Hon. Richard E. Rico | 17 | 309 | Hon. William F. Fahey | 69 | 621 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | | |
| Hon. Barbara Scheper | 30 | 400 | | | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Emilie H. Elias | 324 | CCW |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Elihu M. Berle* | 323 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | OTHER | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | |
| Hon. Deirdre Hill | 49 | 509 | | | |
| Hon. John L. Segal | 50 | 508 | | | |
| Hon. Abraham Khan | 51 | 511 | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | | |
| Hon. Steven J. Kleifield | 53 | 513 | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | |
| Hon. Malcolm H. Mackey | 55 | 515 | | | |

*Complex

All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ 2013   SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev09/13)
LASC Approved  05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

**Page 2 of 2**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**

**Southern California
Defense Counsel**

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:</td><td>STATE BAR NUMBER</td><td>Reserved for Clerk's File Stamp</td></tr>
</table>

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "Civil" and then under "General information").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ▶  _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____          ▶  _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ▶  _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ▶  _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ▶  _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:

_____          ▶  _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:

_____          ▶  _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):          FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii.  Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i.   Also be filed on the approved form (copy attached);

      ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court..

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER:

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

### INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

CASE NUMBER:

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| --- | --- | --- |
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
| --- | --- |
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
| --- | --- |

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

SHORT TITLE:                                                    CASE NUMBER:

**The following parties stipulate:**

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR PLAINTIFF)

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____ )

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____ )

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

**EXHIBIT 2**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Sally Chan, Esq. (SBN 258775) Sinny Thai, Esq. (SBN 278644) West Themis Law, PC 1811 S. Del Mar Ave., 2nd Flr. San Gabriel, CA 91776 | **FILED** SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES **NOV 14 2013** John A. Clarke, Executive Officer/Clerk BY _____ Deputy Cristina H. Orihuela |

TELEPHONE NO.: 626.737.8585          FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: Plaintiff Mallika Jazmin Singh

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District - Stanley Mosk

| PLAINTIFF/PETITIONER: Mallika Jazmin Singh | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Yasmin Nanayakkara | BC527545 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*          Dep. 30

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents)*: Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served)*:

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   New buisness Name - Ryan Entertainment - Offiel manager - Erica

4. Address where the party was served: 9150 Wilshire Blud STE 155 Beverly Hills CA 90212

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                    (2) at *(time)*:
   b. [✓] **by substituted service.** On *(date)*: 11/14/13  at *(time)*: 10:30PM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [✓] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [✓] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: 11/14/13 from *(city)*: Los Angeles    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: Mallika Jazmin Singh | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Yasmin Nanayakkara | BC527545 |

5. c. ☒ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* 11/14/13    (2) from *(city):* LOS Angeles

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Danielle Sargent
  b. Address: 5051 Argus Dr. #19
  c. Telephone number: 866-593-5775
  d. **The fee** for service was: $ 80.00 rush
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
      (i) ☒ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.: 132 446
      (iii) County: LOS Angeles

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 11/14/13

Danielle Sargent
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

**EXHIBIT 3**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FILED FOR COURT USE ONLY* |
|---|---|
| Sally Chan, Esq. (SBN 258775) Sinny Thai, Esq. (SBN 278644) West Themis Law, PC 1811 S. Del Mar Ave., 2nd Flr. San Gabriel, CA 91776 | SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES |

TELEPHONE NO.: 626.737.8585   FAX NO. *(Optional):*

**NOV 14 2013**

E-MAIL ADDRESS *(Optional):*

John A. Clarke, Executive Officer/Clerk

ATTORNEY FOR *(Name):* Plaintiff Mallika Jazmin Singh

By Cristina Grijalva Deputy

Cristina Grijalva

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District - Stanley Mosk

| PLAINTIFF/PETITIONER: Mallika Jazmin Singh | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Yasmin Nanayakkara | BC527545 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*   Dept. 30

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ✔ summons
   b. ✔ complaint
   c. ✔ Alternative Dispute Resolution (ADR) package
   d. ✔ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ✔ other *(specify documents):*  Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      JESSICA mara lord

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:  10753 Blix Apt. 4 North Hollywood CA 91602

5. I served the party *(check proper box)*
   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11/14/13   (2) at *(time):* 6:50 A.m.
   b. ☐ by substituted service. On *(date):*         at *(time):*         I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*         from *(city):*         or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Mallika Jazmin Singh | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Yasmin Nanayakkara | BC527545 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*          (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)      ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)      ☐ 415.46 (occupant)
                                      ☐ other:

7. **Person who served papers**
  a. Name: Danielle Sargent
  b. Address: 5051 Argus Dr. #19
  c. Telephone number: 866·593·5775
  d. **The fee** for service was: $ 80·00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
      (i) ☒ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.: 132446
      (iii) County: Los Angeles

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: 11/14/13

Danielle Sargent
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

**EXHIBIT 4**

**ORIGINAL**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Sally Chan, Esq. (SBN 258775) Sinny Thai, Esq. (SBN 278644)
West Themis Law, PC
1811 S. Del Mar Ave., 2nd Flr.
San Gabriel, CA 91776
TELEPHONE NO.: 626.737.8585        FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff Mallika Jazmin Singh

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**NOV 15 2013**

John A. Clarke, Executive Officer/Clerk
BY _Raul Sanchez_, Deputy
    Raul Sanchez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District - Stanley Mosk

PLAINTIFF/PETITIONER: Mallika Jazmin Singh

DEFENDANT/RESPONDENT: Yasmin Nanayakkara

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | BC527545 D-30 |
| | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a. [✓] summons
    b. [✓] complaint
    c. [✓] Alternative Dispute Resolution (ADR) package
    d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
    e. [ ] cross-complaint
    f. [✓] other *(specify documents):* Notice of Case Assignment

3.  a. Party served *(specify name of party as shown on documents served):*
       Rangi Perera

    b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
       under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.  Address where the party was served:
    21333 Oxnard St. Woodland Hills, CA 91367
5.  I served the party *(check proper box)*
    a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
       receive service of process for the party  (1) on *(date):* 11/14/13     (2) at *(time):*  9:56 a.m.
    b. [ ] **by substituted service.** On *(date):*          at *(time):*        I left the documents listed in item 2 with or
       in the presence of *(name and title or relationship to person indicated in item 3):*

       (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
                of the person to be served. I informed him or her of the general nature of the papers.

       (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
                place of abode of the party. I informed him or her of the general nature of the papers. .

       (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
                address of the person to be served, other than a United States Postal Service post office box. I informed
                him or her of the general nature of the papers.

       (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
                at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
                *(date):*          from *(city):*                or [ ] a declaration of mailing is attached.

       (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: Mallika Jazmin Singh | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Yasmin Nanayakkara | BC527545 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                         (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                ☐ other:

7. **Person who served papers**
  a. Name: Matthew Block
  b. Address: 1811 S. Del Mar Ave., 2nd Flr. San Gabriel, CA 91776
  c. Telephone number: 626.737.8585
  d. **The fee for service was:** $
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: November 14, 2013

Matthew Block                     ▶ *Matthew Block*
_____         _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)         (SIGNATURE )

**EXHIBIT 5**

NOTICE SENT TO:

Chan, Sally S., Esq.
West Themis Law, PC
1811 S. Del Mar Avenue, Secon Floor
San Gabriel,           CA  91776

FILE STAMP
FILED
Superior Court of California
County of Los Angeles

NOV 15 2013

Sherri R. Carter, Executive Officer/Clerk
By _____ , Deputy
Patricia Montoya

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| MALLIKA JAZMIN SINGH | Plaintiff(s), | BC527545 |
| VS. | | |
| YASMIN NANAYAKKARA ET AL | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  March 5, 2014  at  8:30 am  in  Dept. 30
at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:**    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE
DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b) and California Rules of Court 2.2 et seq.

Date:  November 15, 2013

_____
BARBARA, Judicial Officer
BARBARA M. SCHEPER

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.
Date:  November 15, 2013

Sherri R. Carter, Executive Officer/Clerk

by _____ , Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

**EXHIBIT 6**

ORIGINAL

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Sally Chan, Esq. (SBN 258775) Sinny Thai, Esq. (SBN 278644)
West Themis Law, PC
1811 S. Del Mar Ave., 2nd Flr.
San Gabriel, CA 91776
TELEPHONE NO.: 626.737.8585          FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff Mallika Jazmin Singh

FOR COURT USE ONLY
**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES
**NOV 15 2013**
John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Raul Sanchez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District - Stanley Mosk

PLAINTIFF/PETITIONER: Mallika Jazmin Singh

DEFENDANT/RESPONDENT: Yasmin Nanayakkara

CASE NUMBER:
BC527545  D.30

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      Fadi Rasheed

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   21333 Oxnard St. Woodland Hills, CA 91367
5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 11/14/13       (2) at *(time):*  9:55 a.m.
   b. [ ] **by substituted service.** On *(date):*          at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*         from *(city):*              or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: Mallika Jazmin Singh | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Yasmin Nanayakkara | BC527545 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in Item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                          ☐ other:

7. **Person who served papers**
  a. Name: Matthew Block
  b. Address: 1811 S. Del Mar Ave., 2nd Flr. San Gabriel, CA 91776
  c. Telephone number: 626.737.8585
  d. **The fee for service was: $**
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: November 14, 2013

Matthew Block                          ▶ *Matthew Block*
_____              _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE )

**EXHIBIT 7**

ORIGINAL

POS-010

| | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Sally Chan, Esq. (SBN 258775) Sinny Thai, Esq. (SBN 278644)
West Themis Law, PC
1811 S. Del Mar Ave., 2nd Flr.
San Gabriel, CA 91776
  TELEPHONE NO.: 626.737.8585      FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
  ATTORNEY FOR *(Name):* Plaintiff Mallika Jazmin Singh

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 19 2013

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy
Shirmah Robinson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
  STREET ADDRESS: 111 N. Hill St.
  MAILING ADDRESS: 111 N. Hill St.
  CITY AND ZIP CODE: Los Angeles, CA 90012
  BRANCH NAME: Central District - Stanley Mosk

PLAINTIFF/PETITIONER: Mallika Jazmin Singh

DEFENDANT/RESPONDENT: Yasmin Nanayakkara

| | |
|---|---|
| CASE NUMBER: | BC527545  D - 30 |

| PROOF OF SERVICE OF SUMMONS | REF. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      Yasmin Nanayakkara

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   1221 Ocean Ave. Apt. # 601, Santa Monica, CA 90401
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11/15/2013    (2) at *(time):* 6:25 p.m.
   b. ☐ **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Mallika Jazmin Singh | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Yasmin Nanayakkara | BC527545 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                     (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify)*:
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Richard McMillan
  b. Address: P.O. BOX 57470  LA, CA  90057
  c. Telephone number: (213) 259.6399
  d. **The fee for service was:** $ 55.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server.
      (i) ☐ owner ☒ employee ☐ independent contractor.
      (ii) Registration No.: 7151
      (iii) County: LOS  COUNTY

8. ☒ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    or

9. ☐ **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: November 15, 2013

Richard McMillan               ▶ R. McMillan
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)      (SIGNATURE)

**EXHIBIT 8**

ORIGINAL

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sally Chan, Esq. (SBN 258775) Sinny Thai, Esq. (SBN 278644)<br>West Themis Law, PC<br>1811 S. Del Mar Ave., 2nd Flr.<br>San Gabriel, CA 91776<br>TELEPHONE NO.: 626.737.8585    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Mallika Jazmin Singh | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>NOV 19 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles | |
|---|---|
| STREET ADDRESS: 111 N. Hill St. | |
| MAILING ADDRESS: 111 N. Hill St. | |
| CITY AND ZIP CODE: Los Angeles, CA 90012 | |
| BRANCH NAME: Central District - Stanley Mosk | |

| PLAINTIFF/PETITIONER:  Mallika Jazmin Singh | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Yasmin Nanayakkara | BC527545 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓]  summons
   b. [✓]  complaint
   c. [✓]  Alternative Dispute Resolution (ADR) package
   d. [✓]  Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ]  cross-complaint
   f. [✓]  other *(specify documents):* Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      Y Jewels

   b. [✓]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Yasmin Nanayakkara

4. Address where the party was served:
   1221 Ocean Ave. Apt. # 601, Santa Monica, CA 90401

5. I served the party *(check proper box)*
   a. [✓]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11/15/2013   (2) at *(time):*  6:25 p.m.
   b. [ ]  **by substituted service.** On *(date):*      at *(time):*      I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*      from *(city):*      or [ ] a declaration of mailing is attached.

      (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER:  Mallika Jazmin Singh | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Yasmin Nanayakkara | BC527545 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*    (2) from *(city):*

    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt*.)* (Code Civ. Proc., § 415.30.)

    (4) ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐  **by other means** *(specify means of service and authorizing code section):*

      ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐  as an individual defendant.
  b. ☐  as the person sued under the fictitious name of *(specify):*
  c. ☐  as occupant.
  d. ☑  On behalf of *(specify):*  Y Jewels
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a. Name:  Richard McMillan
  b. Address:  P.O. BOX 57476   LA, CA, 90057
  c. Telephone number:  (213) 259.6399
  d. The fee for service was: $ 35.
  e. I am:

    (1) ☐  not a registered California process server.
    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑  a registered California process server:
      (i) ☐ owner ☒ employee ☐ independent contractor.
      (ii) Registration No.:  7151
      (iii) County:  Los Angeles COUNTY

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    *or*

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  November 15, 2013

Richard McMillan
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *R. McMillan*
(SIGNATURE )

**EXHIBIT 9**

ORIGINAL

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sally Chan, Esq. (SBN 258775) Sinny Thai, Esq. (SBN 278644)<br>West Themis Law, PC<br>1811 S. Del Mar Ave., 2nd Flr.<br>San Gabriel, CA 91776<br>TELEPHONE NO.: 626.737.8585 FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Mallika Jazmin Singh | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>NOV 19 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles | |
|---|---|
| STREET ADDRESS: 111 N. Hill St. | |
| MAILING ADDRESS: 111 N. Hill St. | |
| CITY AND ZIP CODE: Los Angeles, CA 90012 | |
| BRANCH NAME: Central District - Stanley Mosk | |

| PLAINTIFF/PETITIONER: Mallika Jazmin Singh | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Yasmin Nanayakkara | BC527545 20 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ✓ summons
   - b. ✓ complaint
   - c. ✓ Alternative Dispute Resolution (ADR) package
   - d. ✓ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ cross-complaint
   - f. ✓ other *(specify documents):* Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      Sandy Grewal

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   1221 Ocean Ave. Apt. # 601, Santa Monica, CA 90401
5. I served the party *(check proper box)*
   - a. ✓ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11/15/2013 (2) at *(time):* 6:25 p.m.
   - b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or ☐ a declaration of mailing is attached.
      - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Mallika Jazmin Singh | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Yasmin Nanayakkara | BC527545 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                      (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                    ☐ other:

7. **Person who served papers**
  a. Name: Richard McMillan
  b. Address: P.O. BOX 57476  LOS Angeles, CA 90057
  c. Telephone number: (213) 259.6399
  d. **The fee for service was:** $ 35.00 + 50.00 *printing*
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☒ employee ☐ independent contractor.
      (ii) Registration No.: 7151
      (iii) County: LOS Angeles

8. ☒ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    or

9. ☐ **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: November 15, 2013

Richard McMillan
_____
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
               (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

**EXHIBIT 10**

ORIGINAL

SALLY S. CHAN, ESQ. (SBN: 258775)
SINNY THAI, ESQ. (SBN: 278644)
**WEST THEMIS LAW, PC.**
1811 S. DEL MAR AVE., 2ND FLOOR
SAN GABRIEL, CA 91776
T: (626) 737 - 8585
F: (626) 737 - 8528

Attorneys for Plaintiff,
MALLIKA "JAZMIN" SINGH

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 2 1 2013

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy
Patricia Robinson

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

MALLIKA "JAZMIN" SINGH, an individual
and member

Plaintiff,

v.

YASMIN NANAYAKKARA, an individual and
member; NALIN NANAYAKKARA, an individual
and member; DAMAYANTHI NANAYAKKARA,
an individual; SANDY GREWAL, an individual;
JESSICA MANALAND, an individual; WHITNEY
MILINO, an individual; RANGI PERERA, an
individual; FADI RASHEED, an individual;
ROBERT VERDI, an individual; FINGERPRINT
COMMUNICATIONS, LLC, a California limited
liability company; Y JEWELS, LLC, a California
limited liability company; and DOES 1-50,
inclusive.

Defendants.

Case No.: BC527545

D-30

**NOTICE OF UNAVAILABILITY OF
ATTORNEY FOR PLAINTIFF MALLIKA
"JAZMIN " SINGH**

TO THE COURT, TO ALL PARTIES HEREIN AND/OR THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that Sally Chan and Sinny Thai, attorneys for Plaintiff MALLIKA "JAZMIN" SINGH, in the above-entitled matter, will be unavailable for any purpose whatsoever, including, but not limited to receiving notices of any kind, responding to ex parte application, appearing in Court, or attending depositions, as follows:

(1)     November 25, 2013 through 29, 2013

(2)     December 24, 2013 through January 3, 2014

(3)     January 13, 2014 through January 16, 2014

Sally Chan and Sinny Thai respectfully request that all issues arising during said schedule be deferred to appropriate dates not mentioned in this notice. Scheduling a conflicting proceeding without good cause is sanctionable conduct.

Dated:  November 19, 2013

Respectfully Submitted,
**WEST THEMIS LAW, PC**

By: _____
Sally Chan
Sinny Thai
Attorneys for Plaintiff,
MALLIKA "JAZMIN" SINGH

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of 18 years and not a party to the within action. My business address is WEST THEMIS LAW, PC. 1811 S. Del Mar Ave., 2nd Floor, San Gabriel, CA 91776. On the date set forth below, I caused the parties herein to be served in the manner indicated below, at the addresses set forth below, with the attached document, to wit:

1.  **NOTICE OF UNAVAILABILTY**

___  Facsimile:  By transmitting via facsimile the document(s) listed above to the facsimile numbers set forth below on this date.

___  Email:  By transmitting via electronic mail the document(s) listed above to the email set forth below on this date.

XX  U.S. Postal Service:  By placing the document(s) listed above a sealed envelope with postage properly prepaid and putting same in a United States mailbox located at Los Angeles, California the same day.

___  Hand Delivery:  By private messenger service this business day.

___  By Personal Service:  By personal delivery this business day.

___  Via Overnight Delivery Service.

ADDRESSES:

Please See Service List

I declare under perjury under the laws of the State of California that the foregoing is true and correct except as to those matters stated on information and belief and as to those matters, I believe it to be true.

DATED:  November 20, 2013

Print Name: <u>Melissa Ambrocio</u>

**PROOF OF SERVICE**

## SERVICE LIST

Mallika "Jazmin" Singh v. Yasmin Nanayakkara, et al. Case No: BC527545

1.      Yasmin Nanayakkara
        1221 Ocean Ave., Apt. #601
        Santa Monica, CA 90401

2.      Nalin Nanayakkara
        4151 Jameson Dr.
        Corona, CA 92881

3.      Damayanthi Nanayakkara
        4151 Jameson Dr.
        Corona, CA 92881

4.      Sandy Grewal
        1221 Ocean Ave., Apt. #601
        Santa Monica, CA 90401

5.      Jessica Manaland a.k.a. Jessica Manalad
        10753 Blix Apt. 4
        North Hollywood, CA 91602

6.      Rangi Perera
        21333 Oxnard St.
        Woodland Hills, CA 91367

7.      Fadi Rasheed
        21333 Oxnard St.
        Woodland Hills, CA 91367

8.      Fingerprint Communications, LLC
        1925 Century Park East Suite 220
        Los Angeles, CA 90067

9.      Y Jewels, LLC
        1221 Ocean Ave., Apt. #601
        Santa Monica, CA 90401

**EXHIBIT 11**

ORIGINAL

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sally S. Chan, Esq. (SBN 258775) Sinny B. Thai, Esq. (SBN 278644) West Themis Law, PC 1811 S. Del Mar Ave., 2nd Flr San Gabriel, CA 91776 | |

TELEPHONE NO.: 626.737.8585   FAX NO. *(Optional):* 626.737.8528

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Plaintiff Mallika Jazmin Singh

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District - Stanley Mosk

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 25 2013

John A. Clarke, executive Officer/Clerk
BY _____ Deputy
Glorietta Robinson

PLAINTIFF/PETITIONER: Mallika Jazmin Singh

DEFENDANT/RESPONDENT: Yasmin Nanayakkara, et al.

| CASE NUMBER: | |
|---|---|
| BC527545 | 40 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      Fingerprint Communications, LLC

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Agent for Servie of Process - Jessica Meisels

4. Address where the party was served:
   1925 Century Park East, Ste. 220, Los Angeles, CA 90067

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11/22/2013   (2) at *(time):* 10:19 a.m.
   b. [ ] **by substituted service.** On *(date):* _____ at *(time):* _____ I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* _____ from *(city):* _____ or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |
|---|---|---|

| | |
|---|---|
| PLAINTIFF/PETITIONER: Mallika Jazmin Singh | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Yasmin Nanayakkara, et al. | BC527545 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*         (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* Fingerprint Communication, LLC
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Matthew Block
  b. Address: 1811 S. Del Mar Ave., 2nd Flr., San Gabriel, CA 91776
  c. Telephone number: 626.737.8585
  d. The fee for service was: $
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    or

9. ☐ **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: November 22, 2013

Matthew Block
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *Matthew Block*
    (SIGNATURE )

**EXHIBIT 12**

ORIGINAL

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Sally Chan, Esq. (SBN 258775) Sinny Thai, Esq. (SBN 278644)
West Themis Law, PC
1811 S. Del Mar Ave., 2nd Flr.
Los Angeles, CA 90012
TELEPHONE NO.: 626.737.8585      FAX NO. *(Optional):* 626.737.8528
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff Mallika Jazmin Singh

**FILED**
Superior Court of California
County of Los Angeles

**DEC 12 2013**

Sherri R. Carter, Executive Officer/Clerk
By *Myrna Beltran* , Deputy
            Myrna Beltran

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District - Stanley Mosk Court

PLAINTIFF/PETITIONER: Mallika Jazmin Singh

DEFENDANT/RESPONDENT: Yasmin Nanayakkara

CASE NUMBER:
BC 527545

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: RPS 038251B |
|---|---|

*(Separate proof of service is required for each party served.)*

D-30

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      Damayanthi Nanayakkara

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   4151 Jameson Dr. Corona, California 92881
5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11/14/2013      (2) at *(time):*   07:00 a.m.
   b. [ ] **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|
| Judicial Council of California | | |
| POS-010 [Rev. January 1, 2007] | | |

| PLAINTIFF/PETITIONER:  Mallika Jazmin Singh | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Yasmin Nanayakkara | BC527545 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

    d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a. ☑ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of *(specify):*
    c. ☐ as occupant.
    d. ☐ On behalf of *(specify):*
        under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
|  | ☐ other: |

7.  **Person who served papers**
    a. Name:  KENDALL WILLIAMS /// LOS ANGELES #2012187121
    b. Address:  REGISTERED PROCESS SERVERS, INC. @ PO BOX 1606, RIVERSIDE, CA 92502
    c. Telephone number:  951-276-1463
    d. **The fee** for service was:  $ 50.00
    e. I am:
        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☑ a registered California process server:
            (i) ☐ owner ☐ employee ☑ independent contractor.
            (ii) Registration No.: #2012187121
            (iii) County:  LOS ANGELES

8.  ☑ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    or

9.  ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: NOVEMBER 14, 2013

KENDALL WILLIAMS /// L.A . #2012187121　　　　▶　　　*Kendall Williams*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)　　　　　　　　　(SIGNATURE )

POS-010 [Rev. January 1, 2007]　　　　**PROOF OF SERVICE OF SUMMONS**　　　　**Page 2 of 2**

**EXHIBIT 13**

ORIGINAL

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Sally Chan, Esq. (SBN 258775) Sinny Thai, Esq. (SBN 278644)
West Themis Law, PC
1811 S. Del Mar Ave., 2nd Flr.
Los Angeles, CA 90012
TELEPHONE NO.: 626.737.8585      FAX NO. *(Optional):* 626.737.8528
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff Mallika Jazmin Singh

**FILED**
Superior Court of California
County of Los Angeles

**DEC 12 2013**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Myrna Beltran

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District - Stanley Mosk Court

PLAINTIFF/PETITIONER: Mallika Jazmin Singh

DEFENDANT/RESPONDENT: Yasmin Nanayakkara

CASE NUMBER:
BC 527545

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:
RPS 038251A |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    a. ☑ summons
    b. ☑ complaint
    c. ☑ Alternative Dispute Resolution (ADR) package
    d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐ cross-complaint
    f. ☑ other *(specify documents):* Notice of Case Assignment

3.  a. Party served *(specify name of party as shown on documents served):*

    Nalin Nanayakkara

    b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
    under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.  Address where the party was served:
    4151 Jameson Dr. Corona, California 92881

5.  I served the party *(check proper box)*
    a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
    receive service of process for the party (1) on *(date):* 11/14/2013      (2) at *(time):* 07:00 a.m.
    b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or
    in the presence of *(name and title or relationship to person indicated in item 3):*

    (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
    of the person to be served. I informed him or her of the general nature of the papers.

    (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
    place of abode of the party. I informed him or her of the general nature of the papers.

    (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
    address of the person to be served, other than a United States Postal Service post office box. I informed
    him or her of the general nature of the papers.

    (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
    at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
    *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

    (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Mallika Jazmin Singh | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Yasmin Nanayakkara | BC527545 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*        (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)    ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)    ☐ 415.46 (occupant)
                                   ☐ other:

7. Person who served papers
  a. Name: KENDALL WILLIAMS /// LOS ANGELES #2012187121
  b. Address: REGISTERED PROCESS SERVERS, INC. @ PO BOX 1606, RIVERSIDE, CA 92502
  c. Telephone number: 951-276-1463
  d. The fee for service was: $ 135.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☐ employee ☑ independent contractor.
      (ii) Registration No.: #2012187121
      (iii) County: LOS ANGELES

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      or

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: NOVEMBER 14, 2013

KENDALL WILLIAMS /// L.A . #2012187121
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(signature)* Kendall Williams
                (SIGNATURE )

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Otis D. Wright II_____ and the assigned
Magistrate Judge is _____Alka Sagar_____ .

The case number on all documents filed with the Court should read as follows:

## 2:13CV9220 ODW ASx

Pursuant to General Order 05-07 of the United States District Court for the Central District of
California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____December 16, 2013_____
Date

By __J.Prado_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is
filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

MALLIKA "JAZMIN" SINGH, an individual and member.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Yasmin Nanayakkara;Nalin Nanayakkara;Damayanthi Nanayakkara; Sandy Grewal;
Rangi Perera;Fadi Rasheed;Whitney Millno; Robert Verdi; Jessica Manaland aka
Jessica Manalad;Y Jewels, LLC.; Fingerprint Communications; DOES 1-50

**(b)** County of Residence of First Listed Plaintiff    **Thailand**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    **Los Angeles**
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Sally S. Chan; Sinny Thai; Wanja Guy; Karen Tso
West Themis Law, PC.
1811 S. Del Mar Avenue, 2nd Floor, San Gabriel, CA 91776

James Asperger; John Pierce; Rachel Juarez
Quinn Emanuel Urquhart & Sullivan - 865 South Figueroa St. 10th Fl, LA, CA 90017
Attorneys for Yasmin Nanayakkara;Nalin Nanayakkara; Damayanthi Nanayakkara;
Sandy Grewal; Rangi Perera; Fadi Rasheed; Y Jewels, LLC.; Fingerprint Communications LLC

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 2.9 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Copyright Act 17 U.S.C. 101, 201, 106, and jurisdiction on the basis of 28 U.S.C. 1441 and 1454

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:    **CV13-9220**

CV-71 (11/13)    CIVIL COVER SHEET    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:**  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes   ☐ No | ☒ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes   ☒ No | A PLAINTIFF?  Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?  Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1.  Is either of the following true? If so, check the one that applies: | C.2.  Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION.  Enter "Southern" in response to Question D, below.  If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the EASTERN DIVISION.  Enter "Eastern" in response to Question D, below.  If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _(signature)_   DATE: 12/16/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |