O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| MALLIKA "JAZMIN" SINGH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YASMIN NANAYAKKARA; NALIN NANAYAKKARA; DAMAYANTHI NANAYAKKARA; SANDY GREWAL; WHITNEY MILINO; RANGI PERERA; FADI RASHEED; ROBERT VERDI; FINGERPRINT COMMUNICATIONS, LLC; Y JEWELS, LLD; and DOES 1-50,<br><br>　　　　　Defendants. | Case No. 2:13-cv-09220-ODW (ASx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT [14] AND REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

## I.　INTRODUCTION

This case has presented a jurisdictional puzzle for the Court to solve. Defendants removed this action from Los Angeles County Superior Court on the basis of federal-question jurisdiction, arguing that the Copyright Act completely preempts certain state-law claims in Plaintiff's original Complaint. Removal on this basis is often controversial and hotly disputed, but no motion for remand was filed. Instead,

shortly after removal and before the Court even had the opportunity to assess subject-matter jurisdiction on its own, Plaintiff filed a First Amended Complaint ("FAC"). The FAC eliminates a number of claims but keeps two state-law claims that Defendants contend are completely preempted. Defendants now move to dismiss Plaintiff's FAC on several grounds. Because the Court finds that the Copyright Act does not preempt any of Plaintiff's claims, the Court **DENIES IN PART** Defendants' Motion to Dismiss First Amended Complaint on the merits, **DENIES AS MOOT** the remainder of the Motion, and **REMANDS** this action to Los Angeles County Superior Court.[1]

## II. FACTUAL BACKGROUND

Plaintiff Mallika "Jazmin" Singh initiated this action in Los Angeles County Superior Court on November 13, 2013. (*See* Not. of Removal, Ex. 1.) The Complaint contained nineteen claims premised on state and common law—including fraud, breach of contract, professional malpractice, and conversion. (*Id.*) The suit arises out of a failed partnership to design, manufacture, and sell South Asian inspired jewelry. (*Id.*)

On December 16, 2013, Defendants removed this action to federal court on the basis of federal-question jurisdiction. (Not. of Removal ¶¶ 10–15.) Defendants' contend that the complete-preemption doctrine applies to several of Plaintiff's claims in the Complaint because they are really copyright-infringement claims disguised as state-law claims. (*Id.*) Defendants assert that removal of state-law claims preempted by the Copyright Act has consistently been recognized as routine and proper. (*Id.* at ¶ 14.)

On December 31, 2013—less than two weeks after the case was removed to this Court—Plaintiff filed the FAC. (ECF No. 12.) The FAC is a pared-down version of the original Complaint. The FAC contains only nine claims for (1) fraud; (2) false

---

[1] After carefully considering the papers filed with respect to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

1  promise; (3) civil conspiracy; (4) negligent misrepresentation; (5) intentional infliction
2  of emotional distress; (6) conversion; (7) fraudulent transfer; (8) breach of fiduciary
3  duty by an attorney; and (9) breach of the duty of undivided loyalty. (*Id.*) All of the
4  claims on their face are based on state and common law.[2] Plaintiff alleges that she
5  started a business with Defendant Yasmin Nanayakkara in 2008 to design,
6  manufacture, distribute, and sell South Asian inspired jewelry. (FAC ¶ 19.) The gist
7  of the FAC is that Plaintiff has been deceived over the years regarding the business'
8  success, fraudulently inducing her to invest. In addition, according to Plaintiff, she
9  was cut out of the business without compensation, and its assets were used to start up
10 a new jewelry venture.

On January 10, 2014, Defendants filed a Motion to Dismiss First Amended Complaint. (ECF No. 13.) Defendants move to dismiss Plaintiff's claims for conversion and fraudulent transfer based on Copyright Act preemption. Defendants move to dismiss the remainder of Plaintiff's claims on several other grounds.

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v.*

---

[2] Defendants' removal of this action appears to have confused Plaintiff somewhat since she alleges in the FAC that this Court has subject-matter jurisdiction under the Copyright Act. (FAC ¶ 16.) However, none of the actual claims in the FAC allege violations of the Copyright Act, and Plaintiff vehemently opposes Copyright Act preemption in her Opposition to Defendants' Motion to Dismiss. (ECF No. 14.)

1 *Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566). Moreover, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff may therefore avoid federal jurisdiction by relying exclusively on state law, since "federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) ("It is settled law that a case may not be removed to federal court on the basis of a federal defense." (internal quotation marks omitted)).

Nevertheless, the complete-preemption doctrine is a corollary to the well-pleaded complaint rule. *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 63 (1987). Complete preemption "confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013). Many courts have held that the complete-preemption doctrine applies to the Copyright Act. *See, e.g.*, *Dielsi v. Falk*, 916 F. Supp. 985, 993 (C.D. Cal. 1996) ("[P]reempted copyright claims can be removed to federal court."); *Rosciszewski v. Arete Assoc., Inc.*, 1 F.3d 225, 232 (4th Cir. 1993) ("Congress intended that actions pre-empted by § 301(a) of the Copyright Act be regarded as arising under federal law."); *see also* 28 U.S.C. § 1338 (federal courts have exclusive jurisdiction over copyright claims).

/ / /

/ / /

## IV. DISCUSSION

While Defendants have filed a Motion to Dismiss, the real issue before the Court is a jurisdictional one. Thus, before reaching the merits of Defendants' Motion, the Court must first explain the procedural route it has taken to get there.

This action reached this Court through removal based on federal-question jurisdiction. Removal jurisdiction is analyzed based on the pleadings filed at the time of removal. *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). Here, that pleading is the original Complaint. Thus, removal jurisdiction is assessed based on that document. But the twist in this case comes in the form of the FAC, which was filed less than two weeks after removal and is now the operative pleading in this action. The Court acknowledges that "[a] plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based," but that is not what occurred here. *Id.* Plaintiff has not eliminated the claims upon which removal was based. The FAC still contains two claims that Defendants contend involve a federal question—the conversion and fraudulent-transfer claims. (*See* ECF No. 13.) While the Court has never addressed the merits of removal based on the original Complaint, the Court finds that it is still proper to address subject-matter jurisdiction based on the FAC. Moreover, the end result—remand of this action—remains the same. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *cf. Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351–53 (holding that § 1447(c) gives district courts "wide discretion" to remand actions when only pendent state-law claims remain).

Turning now to the Motion to Dismiss and the substance of the FAC, Defendants seek dismissal of all of Plaintiff's claims, but the Court's priority is the preemption issue with respect to the conversion and fraudulent transfer claims. Complete preemption under the Copyright Act of the conversion and fraudulent transfer claims is the only alleged basis of subject-matter jurisdiction in this case.

Plaintiff's other claims are all clearly based on state or common law, and there is no diversity citizenship. Therefore, the Court discusses the issue of Copyright Act preemption first.

### A. Copyright Act Preemption

Section 301 of the Copyright Act preempts and abolishes any rights under the common law or state statutes that are "equivalent to copyright and that extend to works, within the scope of the Federal copyright law." *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006) (internal quotation marks omitted). The Ninth Circuit has adopted a two-part test to determine whether a state-law claim is preempted by the Copyright Act. *Id.* A court "must first determine whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103." *Id.* If so, then the court must decide whether "the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." *Id.* at 1138.

#### 1. The "Subject Matter" of Copyright

According to Defendants, the "subject matter" of Plaintiff's conversion and fraudulent-transfer claims is jewelry. In the FAC, Plaintiff alleges that Defendants converted "money in a specific and identifiable sum and intellectual, proprietary information." (FAC ¶ 72.) The fraudulent-transfer claim is premised on Plaintiff's rights to "property" from the allegedly failed business partnership between Plaintiff and Defendant Yasmin Nanayakkara. (FAC ¶¶ 76–82.) Since the business venture giving rise to all of the claims in the FAC involved "designing, manufacturing, distributing, and selling South Asian inspired jewelry," Defendants contend that the "intellectual, proprietary information" and "property" necessarily refer to jewelry. (*See* FAC ¶ 19; Mot. 24:14–24.) The Court finds this to be a rather strained reading of the FAC since there are scant allegations with regard to the actual design of jewelry.

Nevertheless, the Court finds that to the extent that the FAC makes allegations regarding jewelry design, jewelry design falls within the "subject matter" of

copyright. Section 102(a) of the Copyright Act states that the subject matter of copyright is "original works of authorship fixed in any tangible medium of expression." Jewelry design fits squarely within this definition under the category of "pictorial, graphic, and sculptural works."[3] 17 U.S.C. § 102(a)(5). It is important to note that the scope of preemption under the Copyright Act is actually broader than the Act's protection. *See, e.g.*, *Idema v. Dreamwerks, Inc.*, 162 F. Supp. 2d 1129, 1189 (C.D. Cal. Sept. 10, 2001); *Firyooze v. Earthlink Network*, 153 F. Supp. 2d 1115, 1124–25 (N.D. Cal. 2001). Thus, "the work(s) upon which a state law claim is based need only be within the 'subject matter' of copyright; their actual *protection* thereunder is irrelevant to a preemption analysis." *Idema*, 162 F. Supp. 2d at 1189. Accordingly, the Court makes no finding as to whether the jewelry design referenced in the FAC is actually protectable under the Copyright Act. The Court only finds that jewelry design is within the "subject matter" of the Copyright Act.

### 2. Equivalent Rights

More troublesome with respect to this Court's jurisdiction is the second prong of the preemption test. This is where the Court finds that Defendants' strained reading of the FAC—connecting jewelry design to the conversion and fraudulent-transfer claims—really loses its shine. The Court must determine whether Plaintiff's conversion and fraudulent-transfer claims are intended to vindicate rights that are "equivalent to rights within the general scope of copyright as specified by section 106 of the Copyright Act." *Del Madera Props. v. Rhodes & Gardner*, 820 F.2d 973, 977 (9th Cir. 1987), *overruled on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). In other words, "[t]o survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights." *Id.*; *see also Laws*, 448 F.3d at 1144–45.

///

---

[3] Copyright registration forms for the visual arts, available at the United States Copyright Office's website, explicitly reference jewelry design as copyrightable material. *See* Form VA, United States Copyright Office (revised May 2012), http://www.copyright.gov/forms/formva.pdf.

In this case, the Court finds that the "underlying nature" of the conversion and fraudulent transfer claims is not "part and parcel of a copyright claim." *Laws*, 448 F.3d at 1144. The gravamen of the FAC is fraud related to an alleged business venture involving Plaintiff and Defendant Yasmin Nanayakkara. The other Defendants are peripherally involved for allegedly playing various roles in the fraud— for example, making false statements to Plaintiff. (*See, e.g.*, FAC ¶ 26.) The thrust of the FAC is not the protection of Plaintiff's intellectual-property rights. While copyright preemption does not require a plaintiff's pleading to include the words "copyright," "infringement," or even "intellectual property," it is notable that these words are absent from the FAC. Moreover, the allegations in the FAC really boil down to a business dispute among the parties. It may be true that some intellectual property is involved, but the real controversy here surrounds the existence of a business partnership of some kind and whether Plaintiff was continuously misled into investing money and resources into the business. At no point in the FAC does Plaintiff specifically allege ownership of jewelry designs.

The Court has thoroughly reviewed the FAC and finds that in no way are the conversion and fraudulent-transfer claims really just copyright-infringement claims dressed up as state-law claims. Plaintiff's allegations involve much more than just jewelry design. Defendants' arguments to the contrary are strained at best. Accordingly, the Court finds that the conversion and fraudulent-transfer claims do not invoke rights equivalent to copyright.[4]

Therefore, the Court **DENIES** Defendants' Motion to Dismiss with respect to the issue of Copyright Act preemption.

/ / /

/ / /

---

[4] The Court recognizes that the Ninth Circuit also applies an "extra elements test" when assessing the equivalent-rights prong of the preemption analysis. *See, e.g.*, *Laws*, 448 F.3d at 1144. But the Court finds that application of the test to this case is unnecessary because Defendants' preemption arguments are so tenuous.

### B. Plaintiff's Remaining Claims

Since the Court finds that Plaintiff's conversion and fraudulent-transfer claims are not preempted by the Copyright Act, there are no claims in the FAC arising under federal law. Moreover, there is no diversity of citizenship. The Court declines to exercise supplemental jurisdiction here, particularly since it questions the propriety of removal in the first place. *See* 28 U.S.C. § 1367. In addition, this case is still in its early stages, so remand would not unduly prejudice the parties. Accordingly, the Court **DENIES AS MOOT** the remainder of Defendants' Motion to Dismiss and **REMANDS** this action to Los Angeles County Superior Court. *See Carnegie-Mellon*, 484 U.S. at 354–55. Nothing in this Order should be construed as prohibiting Defendants from challenging the sufficiency of the FAC in state court.

### V. CONCLUSION

For the reasons discussed above, the Court **DENIES IN PART** Defendants' Motion to Dismiss First Amended Complaint on the merits and **DENIES AS MOOT** the remainder of the Motion. (ECF No. 13.) The Court hereby **REMANDS** this action to Los Angeles County Superior Court. The Clerk of Court shall close this case

**IT IS SO ORDERED.**

March 4, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 527545